1  Richard T. Drury (SBN 163559)
   richard@lozeaudrury.com
2  Rebecca Davis (SBN 271662)
   rebecca@lozeaudrury.com
3  **LOZEAU DRURY LLP**
   410 12th Street, Suite 250
4  Oakland, CA 94607
   Telephone: (510) 836-4200
5  Facsimile: (510) 836-4205

6  [Additional counsel appearing on signature page]

7  *Attorneys for Plaintiffs*
   ERIC MENDEZ and the proposed class
8
   Chad R. Fuller (SBN 190860)
9  **TROUTMAN SANDERS LLP**
   chad.fuller@troutmansanders.com
10 11682 El Camino Real, Suite 400
   San Diego, CA  92130-2092
11 Telephone: (858) 509-6056
   Facsimile: (858) 509-6040
12
   *Attorney for Defendant*
13 PRICE SELF STORAGE HOLDINGS, LLC

14                  **UNITED STATES DISTRICT COURT**

15               **SOUTHERN DISTRICT OF CALIFORNIA**

16

17 ERIC MENDEZ, individually and on
   behalf of all others similarly situated,
18
                Plaintiff,              Case No. 3:15-cv-02077-AJB-JLB
19
   v.                                   **STIPULATION OF SETTLEMENT**
20                                       **("SETTLEMENT AGREEMENT")**
   PRICE SELF STORAGE
21 MANAGEMENT INC., and JOHN
   DOES 1-10,
22
                Defendants.
23

24

25

26

27

28

─────────────────────────────────────
                                       CLASS ACTION SETTLEMENT
                                                        AGREEMENT
                                             15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

This Stipulation of Settlement (the "Agreement" and/or "Settlement Agreement") is dated January 15, 2016 (irrespective of when signed for reference purposes), and is entered into by and among (i) Plaintiff Eric Mendez, (ii) the Settlement Class (as defined below), and (iii) Price Self Storage (as defined below) ("Price Self Storage" or "PSS"). Plaintiff Mendez and the Settlement Class are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiffs and PSS are collectively referred to in this Agreement as the "Parties," and individually in context, as a "Party." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as the term is defined below), as well as any and all items at issue, or potentially at issue, in this litigation, upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court having jurisdiction over the Parties and these Released Claims.

## RECITALS

A.      September 17, 2015 a class action complaint was filed in this Court in the above-captioned action on behalf of named Plaintiff Eric Mendez and all others similarly situated against Defendant Price Self Storage Holdings, LLC (the "Action"). The Complaint alleged, in part, that Defendant Price Self Storage, including any of its subsidiaries, affiliates, and related entities, sent certain text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and seeks statutory damages and injunctive relief on behalf of a nationwide class.

B.      Following the filing of the Complaint and some informal discovery regarding the projected size and scope of the proposed Class, on January 5, 2016 counsel for Plaintiff Mendez and for PSS engaged in a full-day mediation session in Denver, Colorado with the Honorable Matthew Railey (Ret.) of the Judicial Arbiter Group, Inc. ("JAG"), a well-respected mediator, in an attempt to resolve the case.

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

C.     Through the mediation process, the Parties conducted further informal discovery and exchanged additional information regarding the size and scope of the proposed class and PSS's financial position.

D.     Following extensive back and forth discussions and negotiations facilitated by Mr. Railey, counsel for the Parties reached an agreement as to the framework of the proposed settlement and the relief to be made available to the Settlement Class. Only after an agreement in principle was reached with respect to the relief to be afforded to the Settlement Class did the Parties negotiate incentive awards for the proposed Class Representative and the issue of reasonable attorneys' fees for proposed Class Counsel.

E.     As part of the Parties' agreement, Plaintiff has agreed to file an amended complaint naming Price Self Storage Management, Inc., as the Defendant in place of Price Self Storage Holdings, LLC, concurrently with the filing of this Settlement Agreement.

F.     At all times, PSS has denied and continues to deny all wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of any law or duty alleged in the Actions. PSS also contends that it has acted properly in all respects in connection with the preparation and sending of all text messages. PSS also denies: (1) each and every claim and contention alleged by Plaintiff; (2) all charges of wrongdoing or liability against it or its agents arising out of any conduct, statements, acts, or omissions alleged in the Action; and (3) that Plaintiff or the Settlement Class are entitled to any form of damages or other relief based on the conduct alleged in the Action.

G.     PSS also maintains that it has strong, meritorious defenses to the claims alleged in the Action and that it was prepared to vigorously defend all aspects of the Action. Nonetheless, having conducted an investigation of the facts,

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1  analyzed the relevant legal issues and taken into account the uncertainty and risks

2  inherent in any litigation, PSS has concluded that further defense of the Action

3  would be protracted, risky, burdensome and expensive, and that it is desirable and

4  beneficial to it that the Action be fully and finally settled and terminated in the

5  manner and upon the terms and conditions set forth in this Agreement.

6          H.      This Agreement, therefore, is a compromise of disputed rights and

7  remedies between the Parties and the Parties acknowledge it represents a fair and

8  reasonable resolution of disputes, claims, and defenses for all concerned. This

9  Agreement, any related documents, and any associated negotiations shall not be

10  construed as, or deemed to be evidence of, or an admission or concession of,

11  liability or wrongdoing on the part of PSS, or any of the Released Parties (defined

12  below), with respect to any claim of any fault, liability, wrongdoing, or damage

13  whatsoever. It is understood and agreed that this Agreement represents a full and

14  final resolution of all claims, at law or in equity, arising out of the subject matter of

15  this Action.

16          I.      Plaintiff Mendez believes that the claims asserted in the Action

17  against PSS have merit and that he would have ultimately been successful in

18  certifying the proposed class under Federal Rule of Civil Procedure 23 and in

19  prevailing on the merits at summary judgment or trial. Nonetheless, Plaintiff

20  Mendez and proposed Class Counsel recognize and acknowledge that PSS has

21  raised factual and legal defenses that present a risk that Plaintiff Mendez may not

22  prevail. Plaintiff and proposed Class Counsel also have taken into account the

23  uncertain outcome and risks of any litigation, especially in complex actions, as well

24  as the difficulties and delays inherent in such litigation, including the risk that a

25  judgment would render PSS insolvent. Therefore, Plaintiff believes that it is

26  desirable that the Released Claims be fully and finally compromised, settled and

27  resolved, with prejudice, and barred pursuant to the terms set forth in this

28

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

Agreement. Based on their evaluation, proposed Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

J.        The Parties agree that the Action has been resolved in good faith, following arm's length bargaining, presided over by a neutral and respected mediator, and that the settlement reflected in this Agreement confers substantial benefits upon the Parties, and each of them.

K.        Accordingly, it is now the intention of the Parties and the objective of this Agreement to avoid the costs of trial and continued litigation, and to settle and dispose of, fully and completely and forever, the Released Claims and any and all claims and causes of action asserted in the Action, subject to final approval of this Court after a hearing or hearings as provided for below, and that upon final approval of this Agreement by the Court and fulfillment of each Party's obligations hereunder, that a final order dismissing this Action with prejudice is to be entered by the Court.

## AGREEMENT

**1.     DEFINITIONS**.

In addition to terms defined throughout this Agreement and in any schedule or exhibit hereto, and under any Law, the following terms shall have the meaning set forth below and shall be deemed defined, for purposes of this Agreement only, as follows:

**1.1     "Action"** means and refers to this Action, captioned *Mendez v. Price Self Storage Holdings, LLC*, 3:15-cv-02077-AJB-JLB (S.D. Cal.)

**1.2     "Approved Claim"** shall mean a Claim that meets all requirements expressly set forth in this Agreement and approved by the Settlement Administrator

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

that also meets the following requirements: (a) the Claim is submitted on a timely basis in accordance with the directions on the Claim Form and the provisions of this Agreement; and (b) the Claim is fully and truthfully completed and executed by a Settlement Class Member, with all of the information requested in the Claim Form; (c) the Claim is signed by the Settlement Class Member, physically or electronically, subject to the penalties of perjury; and (d) the Claim is verified by the Settlement Administrator pursuant to Section 5.2 of this Agreement.

**1.3** "**ATDS**" means an automatic telephone dialing system subject to the provisions of the TCPA.

**1.4** "**Claim**" means a written claim on the approved "Claim Form," submitted by a Settlement Class Member to the Settlement Administrator requesting to receive benefits under the terms of this Settlement Agreement.

**1.5** "**Claims Deadline**" means the date by which all Claim Forms must be postmarked or received to be considered timely, and shall be set as a date no later than thirty (30) days after entry of a Final Order in this Action. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

**1.6** "**Claim Form**" means the document substantially similar to the form attached to this Agreement as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim for a payment pursuant to this Agreement, shall be available in paper format upon request from the Settlement Administrator.

**1.7** "**Class**" **and/or** "**Settlement Class**" means as follows: All Persons in the United States or its territories who at any point from the beginning of time up through the date of this agreement: (a) received at least one text message on his or her cellular telephone from PSS; (b) responded to the text message with the response STOP; and (c) received at least one additional text message from PSS

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

apart from any message confirming the Person's STOP request.

**1.8** **"Class Counsel"** means Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC and Stefan Coleman of the Law Office of Stefan Coleman, LLC.

**1.9** **"Class List"** means and refers to the list of cellular telephone numbers and Persons identified by PSS as part of the Settlement Class. PSS represents that it has used best efforts to compile the Class List.

**1.10** **"Class Member" and "Settlement Class Member"** mean a Person who falls within the definition of the Settlement Class as set forth herein, including the proposed Class Representative, and who has not submitted a valid request for exclusion. Notwithstanding anything to the contrary, there shall be permitted only one Class Member and a single claim for such Class Member for each cellular telephone number called regardless of: (i) the number of owners of such cellular telephone number or device or (ii) the number of times such cellular telephone number was called by PSS. PSS reasonably believes that the total estimated size of the Settlement Class is comprised of approximately 315 Persons to whom text messages were sent after the Person requested STOP.

**1.11** **"Class Representative"** means and refers to Plaintiff Eric Mendez, subject to the approval of the Court.

**1.12** **"Court" or "this Court"** means the United States District Court, Southern District of California, the Honorable Anthony Battaglia presiding, or any judge designated to preside over this Action.

**1.13** **"Defendant" or "PSS"** means Price Self Storage Management, Inc., and Price Self Storage Holdings, LLC, including each of their respective parents, subsidiaries, affiliates, partners, joint venturers, agents, employees, officers, managers, members and shareholders and owners, and the representatives of each of them.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA. 92130-2092

- 7 -

15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

**1.14   "Effective Date"** means seven (7) calendar days after which all of the events and conditions specified in Paragraph 9.1 have occurred and/or have been met.

**1.15   "Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by this or any other Court to Class Counsel for their work pursuing this Action, if any, which will be paid by the Defendant.

**1.16   "Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Order approving this Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Order without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.17   "Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Order to be entered by the Court approving the Settlement Agreement, the Fee Award, and the incentive award to the Class Representative.

**1.18   "Final Order"** means the Final Order to be entered by the Court approving this class settlement in accordance with this Agreement after the Final Approval Hearing.

**1.19   "Nationwide"** means the fifty states of the United States of America and its territories or possessions as may be subject to the TCPA or any claims asserted in the Action.

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.20** **"Notice"** means the notice of this proposed Class Action Settlement and Final Approval Hearing, which is to be delivered via direct mail notice, to be sent to the Settlement Class Members substantially in the manner set forth in this Agreement, consistent with the requirements of due process and FRCP Rule 23 as expressly provided herein, and as substantially in the form attached as Exhibit B.

**1.21** **"Notice Date"** means the day by which direct mail notice under the Notice Plan set forth in Paragraph 4 has been sent, which shall be a date no later than thirty (30) days after entry of the Preliminary Approval Order.

**1.22** **"Notice Plan"** means the proposed plan developed by the Settlement Administrator and approved by the Parties for disseminating notice to members of the Settlement Class of the proposed Settlement Agreement and of the Final Approval Hearing.

**1.23** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date no earlier than thirty (30) days after the Notice Date and at least fourteen (14) days after papers supporting the Fee Award are filed with the Court and made available on Plaintiff's Counsel's firm website, www.woodrowpeluso.com.

**1.24** **"Parties"** or **"Settling Parties"** means Plaintiff Eric Mendez, the Settlement Class, and Defendant PSS.

**1.25** **"Person"** shall mean any individual, and any entity including, without limitation, a corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any other business or legal entity and their respective predecessors, successors, representatives, and assigns.

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1        **1.26**    **"Plaintiff"** means the named Plaintiff, Eric Mendez, and the

2   Settlement Class, collectively.

3        **1.27**    **"Preliminary Approval"** means the Court's certification of the

4   Settlement Class for settlement purposes, preliminary approval of the Settlement

5   Agreement, and approval of the form of the Notice and of the Notice Plan.

6        **1.28**    **"Preliminary Approval Order"** means the order preliminarily

7   approving the Settlement Agreement, certifying the Settlement Class for settlement

8   purposes, and directing notice thereof to the Settlement Class, a proposed version

9   which will be submitted to the Court in conjunction with Plaintiff's motion for

10  preliminary approval of the Agreement.

11       **1.29**    **"PSS's Counsel"** means defense counsel, Chad Fuller of Troutman

12  Sanders LLP.

13       **1.30**    **"Released Claims"** means any and all actual, potential, filed, known

14  or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected,

15  claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-

16  contractual claims, punitive, treble, exemplary or multiplied damages, expenses,

17  costs, attorneys' fees, fines, penalties, awards, interest (including pre-judgment

18  interest), and all other obligations (including "Unknown Claims" as defined below),

19  whether in law or in equity, accrued or unaccrued, direct, individual or

20  representative, of every nature and description whatsoever, whether based on the

21  TCPA or any other federal, state, local, statutory or common law or any other law,

22  rule or regulation, including the law of any jurisdiction outside the United States

23  (including both direct, vicarious, and derivative claims) against the Released

24  Parties, or any of them, relating to, based on, and/or arising out of the facts, claims,

25  causes of action, damages alleged or which could have been alleged in the Action,

26  including any alleged violations of the TCPA or any similar federal, state, local,

27  statutory or common law or any other similar law, rule or regulation.

28

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1
2
3
4
5
6
7

    **1.31** **"Released Parties"** means PSS, including any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent entities, subsidiaries, associates, affiliates, employers, employees, holding companies, agents, consultants, independent contractors, insurers, reinsurers, vendors, directors, managing directors, officers, partners, principals, members, managers, attorneys, owners, shareholders, legal representatives, or any other representatives of any of these Persons or entities.

8
9
10
11
12
13
14
15
16

    **1.32** **"Releasing Parties"** means Plaintiff Mendez and those Settlement Class Members who do not timely opt out of the Settlement Class (whether or not such Settlement Class Members submit claims), and, to the extent a Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in-interest, and all of the aforementioned Releasing Parties' present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns of each of them.

17
18
19
20
21

    **1.33** **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice, processing claims, mailing checks for Approved Claims, as well as any costs incurred in sending the Class Action Fairness Act notices described in Paragraph 4.2(g) below. PSS is to pay all Settlement Administration Expenses incurred in connection with this Agreement.

22
23
24
25
26
27
28

    **1.34** **"Settlement Administrator"** means Kurtzman Carson Consultants ("KCC") or such other contractor selected by the Parties and approved by the Court to develop the Notice Plan, oversee the distribution of Notice, and conduct the processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement and of any other amounts to any other Persons called for under this Agreement.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  97130-700

15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1.35 **"Settlement Agreement"** or **"Agreement"** means this settlement Agreement.

1.36 **"Settlement Fund"** means and refers to a non-segregated amount not to exceed four hundred fifty-thousand dollars ($450,000.00 USD) that shall be made available to the Settlement Administrator to pay all Approved Claims, Settlement Administration Expenses, the incentive award to the Class Representatives, and the Fee Award, if any. The Settlement Fund represents the limit and extent of PSS's monetary obligations under this Agreement without regard to the source of such funds. In no event shall Defendant's total financial liability with respect to this Agreement exceed four hundred fifty-thousand dollars ($450,000.00 USD). PSS shall not be required to segregate such funds into a separate account nor to make any required set-aside of such amounts. No interest shall accrue on the Settlement Fund. PSS shall be given a credit for any funds advanced by it to the Settlement Administrator or otherwise for funding of the Settlement and shall only be required to provide funds as necessary to the Settlement Administrator to fund Approved Claims or cover other approved charges against the Settlement Fund with sufficient lead time for when due to be disbursed.

1.37 **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. and all regulations promulgated thereunder, including 47 C.F.R. §64.1200, *et seq*.

1.38 **"Unknown Claims"** means any and all causes of action and claims that could have been filed, asserted, maintained and raised in any pleading, motion or other filing in the Action and that the Plaintiff, the Class Members and the Releasing Parties, or any of them, do not know or suspect to exist, which, if known by such Person might affect such Person's agreement enter into this Settlement Agreement and release the Released Parties from the Released Claims or might affect such Person's decision to agree, object, or not object to the settlement under

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

the terms of this Agreement. Upon the Effective Date, Plaintiff, the Class Members and the Releasing Parties, shall be deemed to have, and shall have, jointly and severally, voluntarily, knowingly, and expressly irrevocably waived, released and relinquished all such Released Claims to the fullest extent permitted by law, including as to any Class Members subject to California Law the provisions, rights and benefits of Section 1542 of the California Civil Code, or of any other comparable state or federal law, which provides in substantial if not express part, as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MAY HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provision, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.      SETTLEMENT RELIEF**

      **2.1      Monetary Payments to Settlement Class Members**

      **(a)**      The Class Members shall have until the Claims Deadline to submit a Claim. Defendant agrees to pay from the Settlement Fund the following to each Class Member who files timely files an Approved Claim:

      (i)      **Cash Payment:** For Settlement Class Members who elect the

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

- 13 -

15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

"Cash Payment" option on the Claim Form, PSS shall provide a monetary payment, by check issued from the Settlement Administrator, of $750.00, regardless of the total number of text messages the claimant received.

(ii)     **Certificates**: For Settlement Class Members who elect the "Certificate" option on the Claim Form, PSS shall provide a Certificate that may be exchanged for $1,100.00 worth of storage services. The Certificates shall be transferable for the first sixty (60) days following their issuance. Certificates must be redeemed within ninety (90) days of their issuance. Certificates must first be applied to any outstanding past balances owed to PSS by the redeemer of the Certificate before being applied to future storage services.

(iii)    The above Cash Payment and Certificate amounts are subject to the following possible *pro rata* reduction: if the total amount required to pay $750 for each Approved Claim for a Cash Payment and $1,100 for each Approved Claim for a Certificate would exceed the net amount remaining available for such payments from the Settlement Fund after payment of: (1) the Settlement Administration Expenses, (2) the Incentive Award to the Class Representative, (3) and the Fee Award, if any, then each Settlement Class Member with an Approved Claim shall receive a *pro rata* reduced amount for such Person's Approved Claim as determined by the remaining net balance of the Settlement Fund after payment of such amounts for Expenses, Incentive Awards, and the Fee Award.

**(b)**     Within forty-five (45) days after the Effective Date, or such other date as the Court may set by order, the Settlement Administrator shall pay from the Settlement Fund all Approved Claims for Cash Payments by check and all Approved Claims for Certificates by certificate, and mail them to the Class Member for such corresponding Approved Claim within the Settlement Class via first-class mail.

**(c)**     All cash payments issued to Settlement Class Members via check will

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance of such check and such monies shall remain the property of PSS. To the extent that a check issued to a Settlement Class Member is not cashed or negotiated within ninety (90) days after the date of issuance (an "Uncashed Check"), upon a reasonable attempt to re-mail that Uncashed Check will be deemed void and shall not be reissued, and such funds applicable to the Uncashed Check shall revert to the Settlement Fund subject to refund to PSS or its Insurer pursuant to their agreement. In no event will the funds represented by an Uncashed Check constitute abandoned or unclaimed property, and PSS is entitled to all such funds. In the event any checks that are mailed "bounce back," (that is, are returned in the mail as undeliverable) the Settlement Administrator shall make one attempt at re-mailing the check following attempts to verify the current address of the Settlement Class Member to whom the bounced back check was mailed.

**2.2     Prospective Relief:** PSS further agrees it shall affirmatively use commercially reasonable efforts to, on or before the Effective Date, and continuing for a period of six months (6) months from the Effective Date, honor all STOP requests received by Persons to whom it sends text messages.

**3.     RELEASES**

**3.1**     The obligations incurred pursuant to this Settlement Agreement shall constitute a full and final disposition, settlement, and dismissal of the Actions and any and all Released Claims by the Releasing Parties against all Released Parties.

**3.2**     Upon the Effective Date, the Releasing Parties, and each of them, jointly and severally, shall be deemed to have, and by operation of the Final Order shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**3.3**     In addition to the foregoing, upon the Effective Date the Class

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

Representative, on behalf of himself and his present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, Successors, predecessors-in-interest, and assigns of each of them, shall be deemed to have released any and all claims against PSS and the Released Parties that were or could have been brought against PSS and the Released Parties either in the Action or in any separate proceeding in any court of competent jurisdiction. PSS shall be able to raise a defense in any subsequent action alleging Released Claims that payments to any Person based on an Approved Claim operates as an accord and satisfaction as to any claims such Persons may otherwise have arising from, or which could have been asserted in, the Actions.

## 4.     NOTICE TO THE CLASS

**4.1**     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice, describing the Final Approval Hearing and the terms of this Settlement Agreement, and the Claim Form to be disseminated to the Class Members as provided in this Agreement. Such notice shall comport with due process and FRCP Rule 23, and be effectuated pursuant to the Notice Plan, the costs of which shall be Settlement Administration Expenses.

**4.2**     The Notice Plan, developed by the Settlement Administrator with the assistance of the Parties, shall include:

**(a)**     *Class List*. The Parties agree that within seven (7) days following the entry of the Preliminary Approval, the Settlement Administrator shall be provided with a copy of the Class List, as updated by PSS, to include any known cellular telephone numbers and the names of the believed owner of the device/number, and his or her last known US mailing address for purposes of direct mailing of Notice to such Persons. The Settlement Administrator shall thereafter update the Class List as appropriate using the national change of address registry and/or any necessary and appropriate reverse look-up methods as to those numbers for which

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

an address cannot be determined. The Parties, Class Counsel, PSS's counsel, and the Settlement Administrator shall keep the Class List (and all personal information obtained therefrom, including the identity and telephone numbers for the persons comprising the Settlement Class) confidential.

    **(b)**    *Direct Notice by Mail.* No later than thirty (30) days after the entry of the Preliminary Approval Order or on such other date determined by the Court, the Settlement Administrator shall send Notice substantially in the form attached as Exhibit B, together with a Claim Form (attached as Exhibit A), by first class mail to each physical address on the Class List as updated using the national change of address registry.

    **(c)**    *CAFA Notice*. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (1) a copy of the most recent Complaint and all materials filed with the complaint in the Action or notice of how to electronically access such materials; (2) notice of all scheduled judicial hearings in the Action; (3) all proposed forms of Notice; and (4) a copy of this Agreement. The Settlement Administrator shall serve upon the above-referenced government officials the names of class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire Agreement.

    **4.3**    The Notice shall advise the Settlement Class Members of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or its terms. The Notice shall specify that: (a) any objection

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 97130-7009

- 17 -

15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1
2
3
4
5
6
7
8
9

to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making an objection files notice of his or her intention to do so and at the same time files copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court and sends copies of such papers mail, hand, or overnight delivery service to Class Counsel and PSS's Counsel, and (b) that any objection made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

     **4.4**    Any member of the Settlement Class who intends to object to this Agreement must include in the objection his/her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Class Member, provide the cellular phone number that received the text messages, and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing and, if so, whether the appearance will be with or without counsel. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this paragraph and as detailed in this Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his, her, or its objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be valid, the objection must be filed with the Court and delivered or postmarked and sent via mail to Class Counsel and PSS's Counsel on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

28

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

**4.5**    A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified on the Notice. To exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, the cellular phone number that received the text messages, the name and number of the case, and a statement that such Person intends to be excluded from the Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved. Any Settlement Class Member who elects to be excluded shall not: (i) be bound by any orders of the Final Order; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed.

**4.6**    *Costs of Notice and Settlement Administration*. Defendant shall be responsible for all costs of Notice and Settlement Administration.

**5.    SETTLEMENT ADMINISTRATION**

**5.1**    The Settlement Administrator shall, under the Court's supervision, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost-effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall ensure that all such records will be made available for inspection and copying to Class Counsel and PSS's Counsel

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1   upon request. The Settlement Administrator shall also provide reports and other
2   information to the Court as the Court may require. The Settlement Administrator
3   shall provide Class Counsel and PSS's Counsel with information concerning
4   Notice, administration, and implementation of the Settlement Agreement. Should
5   the Court request, the Parties, in conjunction with the Settlement Administrator,
6   shall submit a timely report to the Court summarizing the work performed by the
7   Settlement Administrator, including a report of all amounts from the Settlement
8   Fund paid to Settlement Class Members on account of Approved Claims. Without
9   limiting the foregoing, the Settlement Administrator shall:

10          **(a)**     Forward to PSS's Counsel and Class Counsel, all original (or suitable
11   copies of) documents and other materials received in connection with the
12   administration of the Settlement, within fifteen (15) days after the date on which
13   all Claim Forms have been finally approved or disallowed in accordance with the
14   terms of this Agreement;

15          **(b)**     Receive requests to be excluded from the Settlement Class and other
16   requests from Settlement Class Members and promptly provide to Class Counsel
17   and PSS's Counsel copies thereof upon receipt. If the Settlement Administrator
18   receives any requests for exclusion or other requests from Settlement Class
19   Members after the deadline for the submission of such forms and requests, the
20   Settlement Administrator shall promptly provide copies thereof to Class Counsel
21   and PSS's Counsel.

22          **(c)**     Provide weekly or other periodic reports to Class Counsel and PSS's
23   Counsel, including without limitation, reports regarding the number of Claim Forms
24   received and the amount of the payments sought, the number thereof approved by
25   the Settlement Administrator, and the categorization and description of Claim
26   Forms rejected, in whole or in part, by the Settlement Administrator; and

27          **(d)**     Make available for inspection and copying by Class Counsel and/or

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  97130-7000

- 20 -                                     15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

PSS's Counsel, the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

**5.2** The Settlement Administrator shall reject a Claim Form, or any part of a Claim for a payment reflected therein with due regard for PSS records to verify the submissions of any claim presented, including without limitation, where the name and telephone number provided on the Claim Form does not appear on the Class List; cannot be validated as having been sent a text message by PSS; or the Person submitting the claim is not the owner of the cellular number at which the call(s) was received as required under the TCPA. In addition, the Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim and shall reject Claim Forms that fail to comply with the instructions thereon or the terms of this Agreement, after giving the claimant a reasonable opportunity to provide any requested missing information, but in no event shall any Settlement Class Member have more than thirty (30) days after being noticed by the Settlement Administrator of any question or deficiency in the submitted Claim Form to answer the question or cure such deficiency.

**5.3** Both Class Counsel and/or PSS's Counsel either individually or jointly shall have the right to challenge the acceptance or rejection of a Claim Form submitted by a Settlement Class Member. The Settlement Administrator shall be bound by any agreed decisions of Class Counsel and PSS's Counsel as to the validity of any disputed Claim Form. To the extent Class Counsel and PSS's Counsel are not able to agree on the disposition of a challenge, the Parties shall present such challenge to the mediator, the Honorable Matthew Railey, for binding, non-appealable decision as to such challenge, subject to any confidentiality

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

provisions as necessary to assure the privacy of the person whose claim is challenged.

**5.4** In the exercise of their duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**5.5** The Final Approval Hearing shall be no earlier than forty-five (45) days after the Notice described in paragraph 4.2(g) is provided or such other time as the Court shall set.

**5.6** Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek timely exclusion from the Settlement Class or timely file a valid Claim Form shall be deemed a Class Member bound by this Agreement but shall not be entitled to receive any cash award or any other benefits pursuant to this Agreement, but will otherwise be bound together with all respective Settlement Class Members by all of the terms of this Agreement, including the terms of the Final Order to be entered in the Action and Releases provided for in the Agreement, and will be barred from brining any action against any of the Released Parties concerning the Released Claims.

**5.7** The Settlement Administrator and the Parties each agree to keep all information received pursuant to Paragraph 5 of this Agreement—including the Class List and all personal information of the Settlement Class obtained therefrom—confidential and may use it only for purposes of effectuating this Agreement.

**6.** **TERMINATION OF SETTLEMENT**

**6.1** Subject to Paragraph 9 below, the Class Representative, on behalf of the Settlement Class, or Defendant and each or any of them, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties within ten (10) business days of any of

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 97130-2092

- 22 -

15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Order in this Action in any material respect; (iv) the date upon which the Final Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which the Alternate Order, as defined in Paragraph 9.1(d) of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.2**     Notwithstanding any other provision contained herein to the contrary, Defendant shall have the right, but not the obligation, to terminate this Agreement if over twenty 20% of the Settlement Class files valid requests for exclusion from this Agreement. To exercise this right, Defendant must provide written notice to Plaintiff no later than fourteen (14) days following the Objection/Exclusion Deadline.

**7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**

**7.1**     Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representatives, and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date, the Objection/Exclusion deadline, the Claims Deadline, and approve the Notice and Claim Form for dissemination in accordance with the Notice Plan, substantially in the forms attached as Exhibits A and B.

**7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel and PSS's Counsel shall request that, after Notice is

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

- 23 -

15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth in this Agreement.

**7.3**    After Notice is given, the Parties shall request from the Court a Final Order. The Final Order will (among other things):

**(a)**    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all attached exhibits;

**(b)**    approve the Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

**(c)**    find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

**(d)**    find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

**(e)**    dismiss this Action (including all individual claims and class action

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

   **(f)**      incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth in this Agreement;

   **(g)**      permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

   **(h)**      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) as (1) shall be consistent in all material respects with the Final Order, or (b) do not limit the rights of Settlement Class Members; and without affecting the finality of the Final Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose; and

   **(i)**      incorporate any other provisions, as the Court deems necessary and just.

**8.      CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

   **8.1**      Subject to the Court's approval, the Parties have agreed that out of the Settlement Fund, Class Counsel shall be paid the sum of one hundred thousand dollars ($100,000 USD) for reasonable attorneys' fees and expenses in these Actions, which represents twenty percent (22.23%) of the Settlement Fund established by the Agreement. Defendant agrees that such an amount is reasonable

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

and will not object to, or otherwise challenge directly or indirectly, Class Counsel's application for attorneys' fees and for reimbursement of costs and other expenses if Class Counsel's application does not exceed said amount. Class Counsel has, in turn, agreed not to seek more than this amount from the Court.

**8.2**    Class Counsel shall, within fourteen (14) days following the Effective Date, be paid the amount of attorneys' fees and expenses approved by the Court. Any payment of the Fee Award from the Settlement Fund shall be paid by the Settlement Administrator via electronic transfer to an account designated by Class Counsel providing necessary information to the Settlement Administrator. Class Counsel agree that in no event shall Defendant collectively pay or be obligated to pay in excess of $100,000 for Class Counsel's attorneys' fees and expenses. Defendant shall timely ensure that the Settlement Administrator has cleared funds necessary to pay the Fee Award approved by the Court.

**8.3**    In addition to any Approved Claim payment to which he may be entitled to under the Settlement Agreement, and provided that he does so qualify for an Approved Claim, in recognition of his efforts on behalf of the Settlement Class, the Class Representative shall, subject to the approval of the Court, be awarded an incentive award in the aggregate amount of three thousand dollars ($3,000). PSS agrees that such an amount is reasonable and that it shall not oppose such award, directly or indirectly. This sum shall be paid in recognition of the Plaintiff's time, exposure, and effort serving as the Class Representative in this litigation. The Settlement Administrator shall pay said amount via check from the Settlement Fund to the Class Representative, such check to be sent care of Class Counsel, within ten (10) days after the date the Court enters the Final Order if there have been no objections to the Settlement Agreement, and, if there have been such objections, within fourteen (14) days after the Effective Date.

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

**9.      CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**9.1**      The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**      This Agreement has been signed by Class Counsel, the Named Plaintiff, PSS and PSS's Counsel;

**(b)**      The Court has entered the Preliminary Approval Order;

**(c)**      The Court has entered an order finally approving the Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Order, or an order substantially consistent with this Agreement; and

**(d)**      The Final Order has become Final, as defined above, or, in the event that the Court enters a final order in a form other than that provided above ("Alternate Order") and that has the consent of the Parties, such Alternate Order becomes Final.

**9.2**      If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated subject to Paragraph 9.3 unless the Plaintiff and Defendant mutually agree in writing to proceed with the Agreement. If any party to this Agreement is in material breach of the terms of this Agreement, any other party, provided that it is in substantial compliance with the terms of the Agreement, may terminate this Agreement on notice to all of the Settling Parties. Notwithstanding anything in this Agreement, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Paragraphs 8.1 and 8.2 above shall not

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3** If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1, 6.2, 9.1 or 9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement with all claims or their defenses fully preserved. In such event, any Final Order or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if they had never entered into this Agreement, subject to reasonable extensions of time as to any then-pending discovery or other deadlines and any trial dates for the Actions.

**10.    MISCELLANEOUS PROVISIONS**

**10.1** The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties, Class Counsel, and PSS's Counsel all agree to cooperate with one another in seeking Court approval of the Preliminary Approval order, the Settlement Agreement, and the Final Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by the Releasing Parties and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Actions were brought by Plaintiff or

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA. 92130-2092

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

      **10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

      **10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained in this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

      **(a)**    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence or fault of the Released Parties, or any of them;

      **(b)**    is, may be deemed, or shall be used, offered, or received against the Settlement Class as an admission, concession, or evidence of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

      **(c)**    is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. If this Settlement Agreement is approved by the Court, any of the Parties or any of the Released Parties may file this Agreement and/or the Final Order in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)**     is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

**(e)**     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5**     The headings used in this Agreement are used for the purpose of convenience only and are not meant to have legal effect.

**10.6**     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.7**     All of the Recitals and Exhibits to this Agreement are material and integral parts of it and are fully incorporated into this Agreement by this reference.

**10.8**     This Agreement and its Exhibits set forth the entire agreement and

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1   understanding of the Parties with respect to the matter set forth herein, and

2   supersede all prior negotiations, agreements, arrangements, and undertakings with

3   respect to the matters set forth herein. No representations, warranties, or

4   inducements have been made to any Party concerning this Settlement Agreement or

5   its Exhibits other than the representations, warranties, and covenants contained and

6   memorialized in such documents. This Agreement may be amended or modified

7   only by a written instrument signed by or on behalf of all Parties or their respective

8   successors-in-interest.

9       **10.9**   Except as otherwise provided in this Agreement, each Party shall bear

10  its own attorney's fees and costs.

11      **10.10** All Parties represent and warrant that they have not assigned any

12  claim or right or interest therein as against the Released Parties to any other Person

13  or Party and that they are fully entitled to release the same.

14      **10.11** Each counsel or other Person executing this Settlement Agreement,

15  any of its Exhibits, or any related settlement documents on behalf of any Party to

16  this Agreement warrants and represents that such Person has the full authority to do

17  so and has the authority to take appropriate action required or permitted to be taken

18  pursuant to the Agreement to effectuate its terms.

19      **10.12** This Agreement may be executed in one or more counterparts. All

20  executed counterparts and each of them shall be deemed to be one and the same

21  instrument provided that counsel for the Parties to this Agreement all exchange

22  original signed counterparts. A complete set of original executed counterparts shall

23  be filed with the Court if the Court so requests.

24      **10.13** This Settlement Agreement shall be binding on, and inure to the

25  benefit of, the successors and assigns of the Parties to this Agreement and the

26  Released Parties.

27      **10.14** This Court shall retain jurisdiction with respect to implementation and

28

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

enforcement of the terms of this Agreement, and all Parties to this Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15** All proceedings in the Actions shall be stayed and abated following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement. Pending determination of whether the Settlement Agreement should be granted final approval, the Parties in the Actions agree not to pursue any claims or defenses otherwise available to them.

**10.16** Whether or not the Settlement Agreement is signed or otherwise approved or if this Settlement Agreement is terminated, neither this Settlement Agreement not the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them. Additionally, neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed a waiver of PSS's right to challenge class certification if this Settlement for any reason does not become Final.

**10.17** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

**10.18** This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's length negotiations among the Parties with the aid of a

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.19** Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel by email to their designated accounts in the Actions, certified mail in care of the United States Postal Service (USPS) or by overnight mail in care of the USPS or such recognized commercial carrier as Federal Express, UPS or the like with proof of delivery:

**(a)**     For Plaintiffs: Steven L. Woodrow, Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Avenue, Suite 300, Denver, Colorado 80210, swoodrow@woodrowpeluso.com, ppeluso@woodrowpeluso.com; and

**(b)**     For PSS: Chad R. Fuller and Virginia Flynn, TROUTMAN SANDERS LLP, 11682 El Camino Real, Suite 400 San Diego, CA 92130-2092 chad.fuller@troutmansanders.com.

**AGREED:**

Dated: February 16, 2016                    By:_____
                                                                Eric Mendez, individually and on
                                                                behalf of the Class

Dated: February ___, 2016                    By:_____
                                                                On behalf of Price Self Storage
                                                                Management Inc.

**APPROVED AS TO FORM:**

Dated: February ___, 2016                    By:_____

                                                                Steven L. Woodrow
                                                                Woodrow & Peluso, LLC
                                                                3900 East Mexico Ave., Ste. 300
                                                                Denver, CO 80210

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1

2                                       Counsel for Plaintiff and the Class

3

4   Dated: February ___, 2016            By:_____

5                                     Chad R. Fuller

6                                     Troutman Sanders LLP
                                    11682 El Camino Real, Ste. 400

7                                     San Diego, CA 92130

8                                     Counsel for Price Self Storage

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

- 34 -

15-CV-02077-AJB-JLB

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.19** Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel by email to their designated accounts in the Actions, certified mail in care of the United States Postal Service (USPS) or by overnight mail in care of the USPS or such recognized commercial carrier as Federal Express, UPS or the like with proof of delivery:

(a)    For Plaintiffs: Steven L. Woodrow, Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Avenue, Suite 300, Denver, Colorado 80210, swoodrow@woodrowpeluso.com, ppeluso@woodrowpeluso.com; and

(b)    For PSS: Chad R. Fuller and Virginia Flynn, TROUTMAN SANDERS LLP, 11682 El Camino Real, Suite 400 San Diego, CA 92130-2092 chad.fuller@troutmansanders.com.

**AGREED:**

Dated: February 16, 2016

By:_____
Eric Mendez, individually and on behalf of the Class

Dated: February ___, 2016

By:_____
On behalf of Price Self Storage Management Inc.

**APPROVED AS TO FORM:**

Dated: February 29, 2016

By:_____

Steven L. Woodrow
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210

Doc ID: 315f9874fc51e952fc0ad9409b69a03fd90addce

1
2   Dated: February _____, 2016          **PLAINTIFF**

3                                         By: _____
4                                             Eric Mendez

5   Dated: February 23, 2016              **DEFENDANT**

6                                         By: _____
7                                             William Hamilton
                                              Price Self Storage Management, Inc.
8   Dated: February _____, 2016          **WOODROW & PELUSO, LLC**

9

10                                        By: _____
11                                            Steven L. Woodrow
                                              Patrick H. Peluso
12
                                              Attorneys for Plaintiff
13                                            *ERIC MENDEZ*

14  Dated: February _____, 2016          **LOZEAU DRURY LLP**

15

16                                        By: _____
                                              Michael Lozeau
17                                            Rebecca Davis

18                                            Attorneys for Plaintiff
                                              *ERIC MENDEZ*
19
20  Dated: February _____, 2016          **TROUTMAN SANDERS LLP**

21                                        By: _____
                                              Chad R. Fuller
22                                            Virginia Bell Flynn
                                              Attorneys for Defendant
23                                            Price Self Storage Management, Inc.

24

25

26

27

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 33 -

STIPULATION OF SETTLEMENT
CASE NO. 15-CV-02077-AJB-JLB

# EXHIBIT A

## Price Self Storage Management, Inc. TCPA Settlement CLAIM FORM

Return this Claim Form to: Settlement Administrator, [address]. Questions, visit www.woodrowpeluso.com or call (720) 213-0675

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY [CLAIMS DEADLINE], BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Instructions:** If you received one or more text messages on your cellphone from Price Self Storage Management, Inc. ("PSS" or "Defendant") after you responded "STOP," to a previous text message, you may be entitled to a monetary settlement payment of up to $750.00 or a certificate for storage services of up to $1,100 (which must first be used to satisfy past balances), or a lesser *pro rata* share (the actual amount of payments will be based on the number of valid claim forms submitted), if the settlement is finally approved by the Court. If the settlement is approved, each class member, whether or not he or she submits a claim, will release the Defendant and related entities, and all their officers, agents, employees, and those working with them, from any and all claims as a result of the making of the phone calls that are the subject of this litigation. Only the primary user or owner of the wireless account upon which the calls at issue were received can submit this Claim Form. Only one claim per wireless account holder is allowed, regardless of how many calls were received or how many cell phone numbers are included on the wireless account. **YOU MUST SUBMIT THIS CLAIM FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that: (a) you received at least one text message on your cellular telephone from PSS, (b) you responded to the text message with the response STOP, and (c) you received at least one additional text message from PSS apart from any message confirming the your STOP request.

Call Class Counsel at 720.213.0675 for Complete Information

| YOUR CONTACT INFORMATION |
|---|

**Name**: _____   _____   _____
    *(First)*                              *(Middle)*                          *(Last)*

**Address**: _____
(You must provide a street address.  A P.O. box will not be accepted.)

_____   ___ ___   ____ ___ ___ ___ ___ ___
*(City)*                                         *(State)*              *(Zip Code)*

**Cell Phone Number at the Time you Received a/the Text(s):** ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___

**Current Phone Number: (** ___ ___ ___**)** ___ ___ ___ – ___ ___ ___ ___   **or**  ☐ check if same as above
(Please provide a phone number where you can be reached if further information is required.)

| Election of Benefit |
|---|

Check the <u>one</u> box that applies (you may NOT elect both benefits):
☐ I would like to receive a check for up to $750
☐ I would like to receive a certificate for up to $1,100 in storage services at PSS (certificate value must first be used towards any outstanding balance)

| Class Member Verification |
|---|

By submitting this claim form and checking the boxes below, I declare under penalty of perjury that I am a member of the Class and that the following statement is true:
☐ I received at least one text message on my cellular telephone from PSS, responded to the text message with the response STOP, and I received at least one additional text message from PSS apart from any message confirming my STOP request.
    **********************************************************************
    Additional information regarding the settlement can be found at **[website.com]**.

The Claims Administrator may audit any and all claims. **I declare under penalty of perjury that the foregoing is true and correct.**

Signature: _____    Date: _____

Print Name: _____

Your claim will be reviewed by the Settlement Administrator. If accepted you will be mailed a check for $750 or a certificate for $1,100 (or a lesser *pro rata* share). Please be patient.

**CLAIM FORMS MUST BE POSTMARKED NO LATER THAN [Claims Deadline] TO BE ELIGIBLE FOR PAYMENT. MAIL THIS CLAIM FORM TO:  Claims Administrator, [Address].  If you have questions, you may call the Settlement Administrator at [toll-free #] Class Counsel at 1-720-213-0675.**

# EXHIBIT B

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

**If You Received a Text Message on Your Cellular Telephone from Price Self Storage Management, Inc., ("PSS") You Could Get a Payment from a Class Action Settlement.**

*A Federal Court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.*

- A Settlement has been reached in a putative class action lawsuit about whether PSS sent text messages to cellphone users after the users had replied "STOP" (other than a text message confirming the STOP request). PSS is referred to as the "Defendant."

- Those included in the Settlement will be eligible to receive either a payment of up to $750 or a certificate for $1,100 in storage services (the actual amount, if any, of the payments will be based on the number of valid claim forms submitted, administrative costs, and any incentive award or attorneys fees and expenses approved by the Court).

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment of up to $750 or a certificate for up to $1,100 in storage services (certificates must first be used to satisfy any outstanding balance). |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice

## BASIC INFORMATION

| 1.  Why was this Notice issued? |
|---|

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Anthony J. Battaglia of the U.S. District Court for the Southern District of California is overseeing this case. The case is known as *Mendez v. Price Self Storage, Management Inc.* ("PSS") 3:15-cv-02077-AJB-JLB. Mr. Mendez, the person who sued, is called the Plaintiff/Class Representative. The Defendant is PSS.

| 2. What is a Class Action? |
|---|

In a class action, one or more named plaintiffs called Class Representatives (in this case, Eric Mendez) sues on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 3. What is this Lawsuit about? |
|---|

This lawsuit alleges that PSS sent text messages to cellphones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. The Class Representative claims that PSS sent text messages to cellphone users who had responded "STOP" to prior messages, and that the subsequent messages went beyond merely confirming the STOP request. PSS denies that it violated any law and asserts several defenses.

The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

| 4. Why is there a Settlement? |
|---|

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am in the Settlement Class? |
|---|

You are in the Settlement Class if:

> (a)     you received at least one text message on your cellular telephone from PSS,
> (b)     you responded to the text message with the response STOP, and
> (c)     you received at least one additional text message from PSS apart from any message confirming the your STOP request.

For the full definition of the Settlement Class, please see the Settlement Agreement, which is available by contacting the Settlement Administrator or Class Counsel.

## THE SETTLEMENT BENEFITS

| 6. What does the Settlement provide? |
| --- |

PSS has agreed to pay a collective Settlement Fund of up to $450,000 U.S. dollars. The cost to send notice to the class and administer the Settlement as well as attorneys' fees and payments to the Class Representatives will come out of this amount (*see* Question 13). The amount remaining after deducting these costs will be used to pay the claims of eligible Class Members who submit valid claims up to the full amount of either $750 in cash or a certificate of up to $1,100 for storage services (which must first be used to satisfy any pending balance with PSS), and reduced *pro rata* if there are insufficient funds, based on the costs above and the number of claims, to make full payment.

Class members may make an election, by checking the appropriate box on the Claim Form, between the $750 cash payment or the $1,100 certificate for storage services from PSS. The certificate must be used to satisfy any balance the certificate holder owes to PSS. Certificates may be transferred one (1) time within the first sixty (60) days of issuance, and must be redeemed within ninety (90) days of issuance.

***Protection from Future Unauthorized Messages:*** PSS has agreed to use commercially reasonable efforts to honor "STOP" requests when they are received.

Class Counsel has confirmed that such amounts are the maximum limit of such relief given Defendant's size and financial condition.

| 7. How much will my payment be? |
| --- |

If you are member of the Class and the Court gives final approval to the Settlement, you may be entitled to receive a check for up to $750 or a certificate for up to $1,100 in storage services (The certificate must be used to satisfy any balance the certificate holder owes to PSS.) The amount of your exact payment cannot be calculated at this time. Your payment will depend on the total number of valid claims that are filed. The Class is estimated to include approximately 315 cellphone users. Though unlikely, your payment may be reduced if the amount required to pay in full all valid claims made by Settlement Class Members exceeds the amount available (after paying notice costs, the incentive award, and any approved attorneys' fees and expenses from the Settlement Fund), then each Class Member who filed a valid claim shall receive a reduced share of that Settlement Fund.

You may only make one claim per cellphone number, regardless of how many calls were received.

| 8. When will I get my payment? |
| --- |

You should receive a check or certificate, depending on your election, from the settlement administrator within 60-90 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled

for [Fairness Hearing Date.] All checks will expire and become void 90 days after they are issued. The certificates must be used to satisfy any balance the certificate holder owes to PSS. Certificates may be transferred one (1) time within the first sixty (60) days of issuance, and must be redeemed within ninety (90) days of issuance.

# HOW TO GET BENEFITS

## 9. How do I get benefits?

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a Claim Form, under penalty of perjury, by **[CLAIMS DEADLINE]**. The Claim form is included with this notice and can be found by calling, toll free, 1-800-000-0000 or by contacting Class Counsel at (720) 213-0675. The Claim Form can be submitted online at the website or by mail. There is only one claim per cellphone number.

# REMAINING IN THE SETTLEMENT

## 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue PSS for the claims being resolved by this Settlement. The specific claims you are giving up against PSS are described in Section __ of the Settlement Agreement. You will be "releasing" the Defendant and all related people as described in Section 1.3 of the Settlement Agreement. Unless you exclude yourself (*see* Question 15), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available at www.[settlementwebsite].com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to Class Counsel listed in Questions 12 and 17 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

# THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in the case?

The Court has appointed Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC, and Stefan Coleman of the Law Office of Stefan Coleman, to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. You may also enter an appearance though an attorney if you so desire.

**13. How will the lawyers be paid?**

Subject to Court approval, Defendants have agreed to pay Class Counsel up to $100,000 representing 22.22% of the Settlement Fund for attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement in this matter. The Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay $3,000 to the Class Representative from the Settlement Fund as an incentive award for his services in helping to litigate and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**15. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that you want to be excluded from *Mendez v. Price Self Storage, Management Inc*. 3:15-cv-02077-AJB-JLB. Your letter or request for exclusion must also include your name, your address, the phone number that received the relevant cellphone calls, and your signature. You must mail your exclusion request so that it is postmarked no later than [Objection/Opt Out Deadline] to:

Settlement Administrator
*Mendez v. Price Self Storage, Management Inc*.
3:15-cv-02077-AJB-JLB
[Address Line 1]
[Address Line 2]
[TOLL FREE NUMBER]

The Court will exclude from the Class any Class Member who timely requests exclusion.

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue PSS for the claims being resolved by this Settlement.

**16. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

**17. How do I object to the Settlement?**

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to the Settlement in *Mendez v. Price Self Storage,*

*Management Inc.* 3:15-cv-02077-AJB-JLB, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, your cellular telephone number that received the unauthorized telephone call(s), and your signature.

Class Counsel will file with the Court and post on its website, www.woodrowpeluso.com, its request for attorneys' fees two weeks prior to the objection deadline.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. Mail the objection to these four different places postmarked no later than **Month 00, 2016**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| The Honorable Anthony J. Battaglia c/o Clerk of the Court US Courthouse 333 West Broadway Suite 420 San Diego, CA 92101 | Steven Woodrow, Esq. Class Counsel Woodrow & Peluso, LLC 3900 East Mexico Ave. Ste. 300 Denver, CO 80210 (720) 213-0675 | Chad R. Fuller and Virginia Flynn, TROUTMAN SANDERS LLP, 11682 El Camino Real, Suite 400 San Diego, CA 92130-2092 |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing at [time] on **Month 00, 2016** in Courtroom 3B (3rd Floor - Schwartz), at the United States Courthouse located at 221 West Broadway, Suite 3142, San Diego, CA 92101. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Classes; to consider the Parties' agreement that Class Counsel should be paid 22.22% of the Settlement Funds for attorneys' fees and expenses; and to consider the request for an incentive award to Class Representative in the amount of $3,000. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check with Class Counsel by calling 720.213.0675. If, however, you timely object to the Settlement and advise the

Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

| 20. Do I have to come to the hearing? |
|---|

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

| 21. May I speak at the hearing? |
|---|

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Mendez v. Price Self Storage, Management Inc*. 3:15-cv-02077-AJB-JLB." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your Notice of Intent to Appear must be postmarked no later than **Month 00, 2016**, and be sent to the addresses listed in Question 17. You must also state in your objection that you plan on appearing at the hearing.

## GETTING MORE INFORMATION

| 22. Where do I get more information? |
|---|

This Notice summarizes the Settlement. More details are in the full Settlement Agreement. You can get a copy of the Settlement Agreement by writing the Settlement Administrator at P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-720-213-0675, if you have any questions. Before doing so, however, please read this full Notice carefully.