Michael R. Lozeau (SBN 142893)
michael@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiffs*
ERIC MENDEZ and the proposed class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MENDEZ, individually and on behalf of a class of similarly situated individuals,<br><br>       Plaintiff,<br>v.<br><br>PRICE SELF STORAGE MANAGEMENT, INC.,<br><br>       Defendant. | Case No. 3:15-cv-02077-AJB-JLB<br><br>**DECLARATION OF ATTORNEY STEVEN WOODROW IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

I, Steven L. Woodrow, declare as follows:

1.   I am over the age of eighteen (18), and am one of the attorneys for the plaintiffs in this matter. I make this declaration in support of Plaintiff's Motion for Preliminary Approval of the class action Settlement Agreement reached in the above captioned litigation.

***Class Counsel's Investigation***

2.   Prior to the initiation of the Action, proposed Class Counsel, Stefan Coleman from the Law Office of Stefan Coleman, LLC, and Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC, undertook an extensive investigation into PSS and its text messaging platform to determine the scope of any potential

Woodrow Decl. in Supp. of Prelim. Approval        Case No. 3:15-cv-02077-AJB-JLB

TCPA claims. This included analyzing Mendez's text messages, STOP requests, and his other efforts to terminate the transmission of the messages to his cellphone.

3. Class Counsel additionally reviewed and analyzed online complaint message boards and other public information sources to assess whether other PSS customers had similarly received post-STOP texts.

4. Following this investigation, Class Counsel determined that a good faith basis existed to pursue the case as an alleged class action on behalf of Plaintiff Mendez and all other cellphone users who received similar text messages from PSS following their submission of a STOP text, and Plaintiff filed the lawsuit in September 2015.

***Early Resolution and Formal Mediation***

5. Following the exchange of initial discovery related to the scope of the class, counsel for the Parties agreed that the case should go to mediation. Counsel for the Parties thereafter worked to schedule a settlement conference and to exchange necessary information regarding the size of the projected class and PSS's financial position.

6. Ultimately, counsel for the Parties convened in Denver, Colorado to participate in a full-day mediation session with the Honorable Matt Railey (Ret.), a respected former state-court judge who has presided over countless mediations in complex cases. During the mediation, the Parties exchanged additional information clarifying the size and scope of the proposed Settlement Class and worked to reach an agreement first with respect to the settlement framework. Thereafter, the Parties negotiated the specific per claim amounts to be made available to the class and the proposed prospective relief, under which PSS has agreed to honor do not call requests.

7. Judge Railey's help and guidance in the instant case was instrumental in ensuring that the Settlement Agreement was negotiated in good faith.

8. Additionally, Judge Railey's oversight helped ensure that the negotiations remained at all times at arm's-length and that they were free from any possible collusion.

9. Only after an agreement in principal was reached with respect to the relief to be made available to the class members did the Parties negotiate an incentive award to Mendez and an award of reasonable attorneys' fees to proposed Class Counsel.

10. Following the mediation, both Parties contributed substantially and materially to the Agreement's preparation.

*Proposed Class Counsel's Experience and Opinion of the Settlement*

11. As evidenced by the attached Firm Resumes of Woodrow & Peluso, LLC (attached hereto as Ex. 1) and of the Law Office of Stefan Coleman, LLC (attached hereto as Ex. 2) proposed Class Counsel has substantial experience litigating TCPA class action lawsuits that are similar in size, scope and complexity to the present case. Proposed Class Counsel have not only litigated and settled TCPA class actions in general, they have specifically litigated claims involving the transmission of allegedly unlawful text messages, including allegedly unlawful "post-STOP" text messages.

12. Proposed class counsel have diligently investigated and prosecuted this matter by dedicating substantial resources to the investigation of the claims at issue in the Action and have successfully negotiated this Settlement with PSS.

13. The result of this investigation and litigation, which culminated in the mediation before Judge Railey, is an outcome that best serves the interests of both Parties. PSS receives an end to this lawsuit and litigation, while the consumers who received these annoying text messages are able to claim a cash award that will likely approach $750, or a certificate for storage services (that may be used to satisfy past balances) in the amount of $1,100.

14. As will be explained in Plaintiff's anticipated Motion for Final Approval, such amounts well exceed typical awards in TCPA class action settlements. Indeed, in Settlements involving far larger Defendants with deeper pockets, the average per claim amount hovers around $140. This amount fluctuates significantly, however, depending upon several factors, including the size of the defendant, the size of the class, the amount of money available to pay claims, and the number of calls/text messages/faxes at issue in each case.

15. In any case, the cash amount here, $750, is well above such amounts and represents a significant percentage of the amounts the class could have recovered at trial given that statutory damages under the TCPA are $500 per call, which may be trebled where willfulness is found.

16. And the certificates undoubtedly have significant value as well. Indeed, anyone who elects the option of choosing the certificate over the cash amount plainly values the certificate at some cash amount over $750. Otherwise the class member would simply select cash. The $1,100 certificate thus has substantial value to any Settlement Class Members who are contemplating continuing storing their personal items at a PSS location.

17. Additionally, and perhaps most critically, PSS has agreed to put an end to the conduct that formed the basis of the allegations in the complaint (dkt. 1) in any case: taking steps, together with its text message service provider, to ensure that customer STOP requests are honored. This has the benefit of saving the class the aggravation and harassment that accompanies the receipt of such messages and shields Settlement Class Members from the data loss and loss of use and enjoyment in their phones caused by unwanted text messages. This is particularly valuable relief where consumers previously had difficulty getting the messages to stop.

18. As such, this is a terrific deal for the Settlement Class and, in proposed Class Counsel's opinion, the Court should grant preliminary approval to it and order that notice be disseminated to the Settlement Class Members.

1 | Further affiant sayeth not.

2 |     Signed this 3rd day of March, 2016 in Denver, Colorado.

3

4 |                            /s/ Steven L. Woodrow
                            Steven L. Woodrow

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Woodrow Decl. in Supp. of Prelim. Approval   - 1 -   Case No. 3:15-cv-02077-AJB-JLB

# EXHIBIT 1

# WOODROW & PELUSO, LLC FIRM RESUME

WOODROW & PELUSO, LLC ("Woodrow & Peluso" or the "firm") is a plaintiff's class action and commercial litigation firm based in Denver, Colorado. The firm files cases across the Country.

Our attorneys have over a decade of experience successfully representing consumers and small businesses in matters nationwide. From litigation under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, to cases enforcing the rights of job applicants and employees under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, to appeals of first impression, our lawyers have litigated and favorably resolved numerous legal disputes to the satisfaction of our clients. At Woodrow & Peluso, LLC, we take special pride in the quality of our work product and strive tirelessly to achieve the best results for every client. Descriptions of our three primary practice areas—(1) Consumer Class Actions, (2) Commercial Litigation, and (3) Appeals—and key personnel follow.

## OUR PRACTICE AREAS

**1. CONSUMER CLASS ACTIONS**

The majority of the firm's caseload focuses on consumer class actions. These cases include class actions alleging violations of statutes, such as the Fair Credit Reporting Act, the Telephone Consumer Protection Act, and the Truth-in-Lending Act, as well as class actions challenging systematic breaches of contract and advancing other common law theories.

**TCPA Class Actions**

Since opening the firm's doors, Woodrow & Peluso attorneys have focused on litigating class actions challenging violations of the Telephone Consumer Protection Act. To date we have filed, prosecuted, and resolved using various settlement models TCPA cases against major corporations and entities including J.B. Hunt, Altisource, Acurian, Price Self Storage, Local Lighthouse, Global Marketing Research Services, Geekatoo, the University of South Carolina, among others. Our firm's attorneys have substantial experience prosecuting such claims, including class actions challenging the unlawful transmission of text messages, the sending of unlawful facsimiles, the placement of "robocalls" featuring a pre-recorded voice to residential landline phones, and the use of automatic telephone dialing systems, including predictive dialers, to call consumer cell phones.

While a Partner with his prior law firm, Woodrow & Peluso attorney Steven Woodrow was appointed interim co-lead class counsel in a TCPA class action against Nationstar Mortgage, LLC (*see Jordan et al v. Nationstar Mortgage LLC*, 3:14-cv-00787-WHO) and led TCPA litigation that resolved favorably against Bankrate Inc., and Carfax.com. Mr. Woodrow was also involved in the TCPA settlement reached in *Weinstein v. The Timberland Co. et al.* (N.D. Ill.), a text messaging class action featuring 40,000 unauthorized messages, and was part of the appellate strategy team that secured the landmark decision in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), the first federal appellate decision to affirm that text messages are covered as "calls" under the TCPA.

**FCRA Class Actions**

The second sub-focus within the firm's class action practice consists of cases under the Fair Credit Reporting Act ("FCRA"), which regulates the procurement and use of consumer reports by employers when they make hiring/firing/pay decisions. To date, the firm has successfully represented clients in putative class actions against Terminix, ServiceMaster, TrueBlue Inc./Labor-Ready Mid-Atlantic, FedEx, Tyler Staffing Services, Inc., Great Lakes Wine & Spirits, and many others.

**Banking and Financial Institutions Class Actions**

Our attorneys have substantial experience representing consumers in class action litigation involving national banking associations and other financial institutions. Meaningful representations include:

- *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2012 WL 28099, at *15 (N.D. Cal. Jan. 5, 2012). Attorney Steven Woodrow secured prior firm's appointment as Class Counsel from Judge Lucy Koh in class action challenging JPMorgan Chase Bank, N.A.'s suspension of former WaMu home equity line of credit accounts. Case settled with Mr. Woodrow's appointment as co-lead settlement class counsel.

- *In re JPMorgan Chase Bank, N.A. Home Equity Line of Credit Litigation*, MDL No. 2167. Attorney Steven Woodrow helped secure transfer by the Judicial Panel on Multidistrict Litigation to the Northern District of Illinois and appointment of prior firm as interim class counsel. Attorney Woodrow also negotiated and was also appointed co-lead settlement class counsel in settlement projected to restore between $3 billion - $5 billion in credit to affected borrowers in addition to cash payments.

- *Hamilton v. Wells Fargo Bank*, *N.A.*, 4:09-cv-04152-CW (N.D. Cal.). Attorney Steven Woodrow served as co-lead settlement counsel in class action challenging Wells Fargo's suspensions of home equity lines of credit. Nationwide settlement restored access to over $1 billion in credit and provided industry leading service enhancements and injunctive relief.

- *In re Citibank HELOC Reduction Litigation*, 09-CV-0350-MMC (N.D. Cal.). Attorney Steven Woodrow was appointed interim co-lead counsel and settlement class counsel in class actions challenging Citibank's suspensions of home equity lines of credit. The settlement was estimated to have restored over $650,000,000 worth of credit to affected borrowers.

- *Vess v. Bank of America, N.A*. 10cv920–AJB(WVG) (S.D. Cal.). Attorney Steven Woodrow negotiated class action settlement with Bank of America challenging suspension and reduction of home equity lines of credit.

- *Wigod v. Wells Fargo*, No. 10-cv-2348 (N.D. Ill.). Steven Woodrow secured the first appellate decision in the country recognizing the right of homeowners to sue under state law to enforce HAMP trial plan agreements. Attorney Steven Woodrow was appointed co-lead settlement counsel providing loan modifications and cash payments to affected borrowers.

### General Consumer Protection Class Actions

Woodrow & Peluso attorneys have additionally successfully prosecuted and resolved countless class action suits against other companies for a range of consumer protection issues. For example, Woodrow & Peluso filed the first class action in the Country to challenge the marijuana industry's use of certain allegedly dangerous fungicides and pesticides and were the first lawyers to bring class actions (against the Colorado Rockies Baseball Club and Kroenke Sports & Entertainment, LLC) seeking to enforce the Colorado Consumer Protection Act, § 6-1- 718 *et seq*., which prohibits owners of entertainment venues from imposing restrictions on the resale of tickets. The firm has also brought and litigated class actions against hospitals for their use of "chargemaster" billing rates and are presently engaged in litigation against Southwest Airlines related to its "Companion Pass" program.

Woodrow & Peluso LLC has also brought claims against major food manufacturers and distributors for falsely advertising certain products as "All Natural" and "Made in U.S.A." Our attorneys also have experience litigating class claims regarding missing or misappropriated "bitcoins." Woodrow & Peluso also brought the first class action in Colorado against cannabis growers for their use of unapproved and harmful pesticides.

## 2.   COMMERCIAL LITIGATION

As small business owners, we understand and appreciate the challenges that new companies face as they strive to make headway in the market. Our attorneys regularly counsel small businesses and have represented such companies in a wide range of general commercial litigation matters including partnership and business disputes, breaches of contracts and term sheets, and claims charging company managers and members of breach of fiduciary duty, breach of contract, fraud, and fraudulent/preferential transfer. We regularly advise clients on matters and contracts involving millions of dollars, and our attorneys have successfully represented businesses and other entities in mediations, arbitrations, and trial.

## 3.   APPEALS

Our attorneys have substantial experience handling appeals at both the state and federal level. Representative appeals worked on predominately by our attorneys include:

- *Wigod v. Wells Fargo Bank, N.A*., 673 F.3d 547 (7th Cir. 2012). Attorney Steven Woodrow briefed and argued this appeal resulting in the first federal appellate decision holding that banks may be sued under state law for violations of the federal government's Home Affordable Modification

Program. The opinion has been cited over 1,300 times by courts, litigants, and commentators throughout the Country and is widely regarded as the leading authority on the rights and obligations of HAMP servicers and borrowers.

- *Robins v. Spokeo*, 742 F.3d 409 (9th Cir. 2014). Attorney Steven Woodrow argued a federal appeal reversing dismissal and upholding consumer rights under the Fair Credit Reporting Act against one of the nation's largest online data aggregators regarding whether a plaintiff who does not suffer tangible pecuniary loss may still show legal harm to satisfy Article III standing. The case is currently pending before the United States Supreme Court and has been frequently reported on as one of three major class action issues presently on the Supreme Court's docket.

- *Equity Residential Properties Mgmt. Corp. v. Nasolo*, 364 Ill. App. 3d 26, 28, 847 N.E.2d 126, 128 (2006). Attorney Steven Woodrow helped author the winning brief in this landmark landlord/tenant appeal defining the requirements for constructive service and due process for Illinois evictions under the Illinois Forcible Entry and Detainer Act. 735 ILCS 5/9–107 *et seq*.

- *Fuentes v. Kroenke Sports & Entertainment, LLC*, Case No. 2014CV32619. Woodrow & Peluso appealed grant of summary judgment in favor of defendant finding that the Colorado Consumer Protection Act, 6-1-701 *et seq*. does not allow for class actions. Case settled prior to the resolution of the appeal.

## OUR ATTORNEYS

At present, our firm consists of 2 attorneys whose relevant experience is set forth below.

**STEVEN LEZELL WOODROW** has over a decade of experience advising consumers and small businesses in high stakes litigation.

Steven briefed and delivered the winning argument in the landmark federal appellate court decision *Wigod v. Wells Fargo Bank, N.A*., 673 F.3d 547 (7th Cir. 2012) holding banks accountable for violations of the federal Home Affordable Modification Program. The opinion is widely regarded as the leading authority on the rights and obligations of HAMP servicers and borrowers. Steven also delivered the winning oral argument in *Robins v. Spokeo*, 742 F.3d 409 (9th Cir. 2014), a federal appeal upholding consumer rights under the Fair Credit Reporting Act against one of the nation's largest online data aggregators. The case is presently set for argument before the United States Supreme Court.

Mr. Woodrow was appointed lead class counsel in litigation against JPMorgan Chase Bank, N.A. challenging the bank's 4506-T HELOC suspension program and was appointed settlement class counsel in other HELOC litigation against Wells Fargo Bank, N.A., Citibank, N.A., Chase, Bank of America, N.A. and PNC Bank.

Mr. Woodrow also led the legal team that secured a preliminary injunction freezing the U.S. assets of Mark Karpeles, the former head of the failed Bitcoin exchange known as Mt. Gox, as well as an order compelling Mr. Karpeles to personally appear in the United States for a deposition in connection with Mt. Gox's Chapter 15 bankruptcy case in Dallas Texas.

Steven has also litigated putative class actions under the Telephone Consumer Protection Act, and courts have appointed him to serve as class counsel in nationwide settlements against cellphone companies, aggregators, and mobile content providers related to unfair billing practices, including *Paluzzi v. Cellco Partnership*, *Williams v. Motricity, Inc.*, and *Walker v. OpenMarket Inc.*

Steven has also served as an Adjunct Professor of Law at Chicago-Kent College of Law, where he co-taught a seminar on class actions. Prior to founding Woodrow & Peluso, LLC, Steven was a partner at prominent national class action firm based in Chicago (Edelson PC).

Prior to that that, he worked as a litigator at a Chicago boutique where he tried and arbitrated a range of consumer protection, landlord tenant, and real estate matters.

**EDUCATION**
Chicago-Kent College of Law, J.D., High Honors, 2005
The University of Michigan—Ann Arbor, B.A, Political Science, *with Distinction*, 2002

**ADMISSIONS**
State of Colorado (2011)
State of Illinois (2005)
United States Court of Appeals for the Seventh Circuit
United States Court of Appeals for the Ninth Circuit
United States District Court, District of Colorado
United States District Court, Northern District of Illinois
United States District Court, Eastern District of Michigan
United States District Court, Western District of Michigan

**PATRICK H. PELUSO** specializes in plaintiff-side consumer class actions.

With a true passion for protecting consumers and their rights, Patrick aggressively pursues class action lawsuits against companies who violate those rights.

Through these lawsuits, he is able to force law-breaking companies to compensate the people they have harmed and correct their future practices. Patrick possesses the skills, strategic vision, and moxie to achieve excellent results for the people he represents. He has experience working with a broad range of consumer protection laws including the Fair Credit Reporting Act, the Telephone Consumer Protection Act, and various state consumer protection and consumer fraud statutes.

Patrick received his law degree from the University of Denver, Sturm College of Law where he was Editor-in-Chief of an academic journal. During law school, Patrick worked with a leading consumer class action law firm and held legal internships with a federal administrative judge and

the legal department of a publicly-traded corporation. Before law school, Patrick attended New York University, where he graduated with a B.S. and played on the school's club baseball team.

Patrick grew up in Baltimore, Maryland and now resides in Denver, Colorado.

**EDUCATION**
University of Denver, J.D. 2014
New York University, B.S.

**ADMISSIONS**
State of Colorado (2014)
United States District Court, District of Colorado

# EXHIBIT 2

LAW OFFICES OF
# STEFAN COLEMAN, LLC

201 S Biscayne Blvd, 28th Floor, Miami, Fl 33131
1072 Madison Ave, Ste 1, Lakewood, NJ 08701
201 West 74th St, Ste 8A, New York, NY 10023

PHONE (877) 333-9427 | FAX (888) 498-8946    NEW YORK | NEW JERSEY | FLORIDA
EMAIL: LAW@STEFANCOLEMAN.COM    WEB: CLASSACTION.WS

The Law Firm Resume

**The Law Offices of Stefan Coleman** is a dynamic law firm that concentrates its practice on consumer law and technology.  The core of the law firm is based on an in-depth knowledge of an ever-evolving technology and its impact on the law.  Specifically, the firm has devoted much of its practice to protecting consumer's privacy rights as well as protecting consumer's from product defects and false advertisements.  The firm also works on behalf of companies to alert them to the most recent changes and evolutions in the law as it applies to their industry as well as participating in litigation. The firm has participated in a number of significant class actions on behalf of consumers.

Stefan Coleman, Esq. is a graduate of the University of Virginia and the University of Miami School of Law.  He has practiced law for over nine years in which time he has participated in a number of significant class actions on behalf of consumers.  The following is a brief list of some of the class actions that he has participated in.

*Love v. IdeaVillage Products Corp et al*, a consumer class action in which purchasers could recover a full refund for their purchase of an alleged defective product sold by the defendant.  This case resulted in the defendant changing its business practice.

*Xexo v. iRenew Bio Energy Solutions et al*, a consumer class action in which purchasers of the iRenew bracelet recovered for the alleged false advertising by the defendant.

*In re Jiffy Lube,* a Telephone Consumer Protection Act case that resulted in a $35 million recovery for consumers for the unsolicited text message advertising. Several major issues of law were settled in this case resulting in a massive victory for consumers.

*Pimental v. Google Inc.*, a Telephone Consumer Protection Act case that resulted in a $6 million settlement for consumers who received a text message from Google's Slide app.

*Woodman v. ADP Dealer Services, Inc., et al.,* a Telephone Consumer Protection Act case that resulted in a $7.5 million settlement for consumers who received unsolicited text messages promoting car sales.

*Lanza v. Palm Beach Holdings., et al.,* a Telephone Consumer Protection Act case that resulted in a $6.5 million settlement for consumers who received unsolicited text messages.

*Kolinek v Walgreen, Co.* a Telephone Consumer Protection Act case that resulted in an $11 million settlement for consumers who received unsolicited calls to their cell phone.

*Hopwood v. Nuance Communications., et al.,* a Telephone Consumer Protection Act case that resulted in a $9.24 million settlement for consumers who received unsolicited calls.

L<small>AW</small> O<small>FFICES OF</small>
S<small>TEFAN</small> C<small>OLEMAN</small>, <small>LLC</small>

201 S Biscayne Blvd, 28th Floor, Miami, Fl 33131
1072 Madison Ave, Ste 1, Lakewood, NJ 08701
201 West 74th St, Ste 8A, New York, NY 10023

*Flanigan v. The Warranty Group, Inc. and American Protection Plans LLC d/b/a American Residential Warranty.*, a Telephone Consumer Protection Act case that resulted in a $16 million settlement for consumers who received unsolicited calls.