# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MENDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRICE SELF STORAGE MANAGEMENT INC.<br><br>Defendants. | Case No. 3:15cv02077 AJB (JLB)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT AND APPROVING NOTICE PLAN**<br><br>(Doc. No. 29) |

WHEREAS, an alleged class action is pending before the Court entitled *Mendez v. Price Self Storage Management, Inc.*, Case No. 3:15cv02077; and

WHEREAS, Plaintiff Eric Mendez ("Plaintiff") and Defendant Price Self Storage Management, Inc., ("PSS") have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to PSS for the claims of certified Class upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order will have the same meaning as ascribed to them in the Parties Class Action Settlement Agreement (the "Settlement Agreement.).

2. The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against PSS, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval hearing referred to in Paragraph 14 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all members of the Class as defined as:

All persons in the United States of America or its territories who at any point from September 15, 2011 through the date of the Settlement Agreement: (a) received at least one text message on his or her cellular phone; (b) responded to the text message with the response STOP, and (c) received at least one additional text message from PSS apart from any message confirming the Person's STOP request.

4. The Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class as to their claims against PSS. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action against PSS, and provides beneficial relief to the Class. The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations involving experienced class action attorneys; (b) is sufficient to warrant notice of the

settlement and the Final Approval hearing to the Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by PSS.

## Notice and Administration

5. Pursuant to the Settlement Agreement, Kurtzman Carson Consultants LLC ("KCC"), is hereby appointed as Notice Administrator and will be required to perform all the duties of the Notice Administrator as set forth in the Agreement and this Order.

6. The Court finds that the Notice Plan and all forms of Notice to the Class as set forth in the Settlement Agreement and the Exhibits thereto is also approved as its form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court further finds that the Notice is reasonably calculated to, under all circumstances, apprise the members of the Class of the pendency of this action, the certification of the Class, the terms of the Settlement Agreement, and the right of members to object to the settlement and to exclude themselves from the Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

7. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator will implement the Notice Plan as follows: The Settlement Administrator will confirm within thirty (30) days following the entry of this Order provide direct notice by U.S. Mail, in accordance with the Notice Plan. PSS will also cause the requirements of 28 U.S.C. § 1715 to be satisfied through service of notice of the proposed Settlement upon the Attorneys General of each U.S. State and the Attorney General of the United States.

## Exclusion

8. Class Members who wish to exclude themselves from the Class for purposes of this Settlement may do so by complying with the exclusion procedures set forth below. Any member of the Class who timely requests exclusion consistent with those procedures will not be bound by the terms of the Settlement Agreement.

9. To request exclusion, the Class Member must complete, sign, and mail to the Settlement Administrator a request for exclusion, on or before July 14, 2016. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the member's name and address, cellular phone number, a signature, the name and number of the case, and a statement that he/she wishes to be excluded from the Class for purposes of this Settlement. A request for exclusion must be personally signed by the member of the Class requesting exclusion and may not request exclusion of more than one member of the Class.

10. Class Members who opt out of the Settlement Agreement will not (i) be bound by any orders of the Final Order; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. However, Class Members who fail to submit a valid and timely request for exclusion will be bound by all terms of the Settlement Agreement and the order of Final Approval, regardless of whether they have requested exclusion from the Settlement Agreement.

///

///

///

Objections

11. Any Class Member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to Final Approval being entered and dismissing the Action with prejudice as to PSS in accordance with the terms of the Settlement Agreement. Class Members may object on their own, or may do so through separate counsel at their own expense.

12. To object, a Class member must sign and file a written objection no later than on or before the **July 14, 2016** objection deadline. To be valid, the objection must include the member's name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Class Member, provide his or her cellular phone number and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing with or without counsel. Any objection made by a Class Member represented by counsel must be filed through the Court's CM/ECF system. Class members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph and the Settlement Agreement will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Agreement.

13. To be valid, objections must be filed with the Court and delivered to Class Counsel Steven L. Woodrow of Woodrow & Peluso, LLC, 3900 East Mexico Ave., Ste. 300, Denver CO 80210, by **July 14, 2016**.

Fairness Hearing

14. The Fairness Hearing will be held before this Court on **August 22, 2016 at 3:00 P.M.** in in Courtroom 3B on the 3rd Floor of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101 to determine whether the proposed Settlement Agreement with PSS is fair, reasonable and adequate and should be given final approval by the Court. The Court may adjourn the Fairness

Hearing without further notice to Class Members.

## Further Matters

15. To protect its jurisdiction to consider the fairness of this Settlement Agreement and to enter a Final Order and Judgment having binding effect on all Class Members, the Court hereby enjoins all Class Members, and anyone who acts or purports to act on their behalf, from pursuing all other proceedings in any state or federal court that seeks to address any parties' or Class Members' rights or claims relating to, or arising out of, any of the Released Claims.

16. Class Members will be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

17. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement, then (i) the Settlement Agreement will be null and void, and will have no further force and effect with respect to any Party in this Action, and will not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, and statements made in connection therewith will be without prejudice to any person or Party hereto, will not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and will not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement will not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement will have no further force and effect with respect to any Party and will not be used in the Action or any other proceeding for any purpose; and (iv) any Party may elect to move the

Court pursuant to the provisions of this paragraph, and none of the non-moving Parties (or their counsel) will oppose any such motion.

**IT IS SO ORDERED**.

Dated: May 13, 2016

Hon. Anthony J. Battaglia
United States District Judge