# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ERIC MENDEZ, individually and on behalf
of all others similarly situated,

                              Plaintiff,

         v.

PRICE SELF STORAGE MANAGEMENT
INC., and JOHN DOES 1-10,

                              Defendants.

Case No. 3:15-cv-02077-AJB-JLB

**CLASS ACTION**

**DECLARATION OF KAREN ROGAN
RE: NOTICE PROCEDURES**

I, **KAREN ROGAN** declare:

1.      I am senior consultant at Kurtzman Carson Consultants LLC ("KCC"). I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      KCC was retained by the parties to serve as the Claims Administrator to, among other tasks, mail the Class Action Settlement Notice Form (the "Notice") and Class Action Settlement Claim Form (the "Claim Form"); receive and process Claim Forms, respond to Class Member inquiries; to establish and maintain a settlement website and perform other duties as specified in the Stipulation of Settlement (the "Stipulation") preliminarily approved by this Court on May 13, 2016.

**CAFA Notification**. On May 27, 2016, in compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, KCC mailed via United States Postal Service Priority Mail a cover letter to the U.S. Attorneys General and the Attorney Generals for all 50 states, along with a CD-ROM containing the following documents: *1) Class Action Complaint;* 2) *First Amended Class Action Complaint; 3) Order Granting Preliminary Approval to Class Action Settlement and Approving Notice Plan; 4) Notice of Motion and Motion for Preliminary Approval of Class Action Settlement Agreement; 5) Memorandum*

1  *of Points and Authorities in Support of Plaintiff's Motion for Preliminary Approval of Class Action*

2  *Settlement Agreement; 6) Declaration of Attorney Steven Woodrow in Support of Preliminary Approval*

3  *of Class Action Settlement Agreement; 7) Class Notice;  8) Claim Form; and  9) Stipulation of*

4  *Settlement.*  Copies of the cover letter and the mailing list for the CAFA notice are attached hereto as

5  Exhibit A.

6       3.  **Mailed Notice**. On May 19, 2016, the Defendant provided KCC with a list of 315

7  persons identified as the Class Member List, i.e. all persons who: (a) received at least one text message

8  or call on their cellular telephone from Price Self Storage ("PSS"); (b) who responded to the text

9  message with the response STOP or revoked consent orally; and (c) who received a least one additional

10  text message from PSS apart from any message confirming the STOP request.  KCC entered the Class

11  Member List information into its proprietary database and prepared a data file for the initial mailing.

12  Prior to mailing, KCC caused the addresses in the Class Member List to be updated using the National

13  Change of Address database ("NCOA") maintained by the U.S. Postal Service.  A total of 40 addresses

14  were found and updated.  There were still 41 records in the data that did not have complete addresses.

15  These 41 records were submitted for a reverse phone search based on the cell phone number.  An

16  additional 18 addresses resulted from the reverse phone search.

17       4.  On June 10. 2016, KCC mailed the Notice and Claim Form (collectively, "the Notice

18  Package") to each of the 293 persons on the Class Member List that had an address.  A sample of the

19  Notice Package is attached hereto as Exhibit B.

20       5.  As of August 4, 2016, KCC has received a total of two Notice Packages returned by the

21  U.S. Postal Service with forwarding addresses. KCC caused the Class Member list to be updated with

22  the new addresses and Notice Packages to be re-mailed to the updated addresses. As of August 4, 2016,

23  KCC has received a total of 73 Notice Packages returned by the U.S. Postal Service without forwarding

24  address information.  KCC conducted address searches using credit and other public source databases to

25  attempt to locate new addresses for all of these Class Members. As of August 4, 2016, these searches

26  have resulted in 43 updated addresses.  KCC promptly re-mailed Notices Packages to the updated

27  addresses.

28       6.  **Toll-Free Telephone Number**. On or before June 10, 2016, KCC established a toll-free

telephone number dedicated to answering telephone inquiries from Class Members. As of August 4, 2016, KCC has received a total of 7 calls.

7. **Website**. On or before June 10, 2016, KCC also established a website (www.PriceStoreTCPAClaim.com) dedicated to this settlement to provide additional information to the Class Members and to answer frequently asked questions. Visitors of the website can download a Notice, a Claim Form, the Stipulation of Settlement, the Order Granting Preliminary Approval to Class Action Settlement and Approving Notice Plan, the Notice of Motion and Motion for Preliminary Approval of Class Action Settlement Agreement, the Joint Stipulated Notice of Amended Notice Forms, and the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement. Visitors can also submit claims online. The web address was set forth in the Notice and the Claim Form. As of August 4, 2016, the website has received 83 unique visits.

8. **Requests for Exclusion**. The deadline for Class Members to request to be excluded from the class was a postmarked deadline of July 14, 2016. As of the date of this declaration, KCC has received no requests for exclusion.

9. **Objections to the Settlement**. The deadline for Class Members to object to the Settlement was a postmarked deadline of July 14, 2016. As of the date of this declaration, KCC has received no objections to the settlement.

10. **Claim Forms**. The deadline for Class Members to file a claim is a postmarked deadline of September 21, 2016. As of the date of this declaration, KCC has received 60 claim forms.

11. Based on KCC's experience, including cases that were similar in scope, the notice campaign comported with due process.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on this 4th day of August 2016 at San Rafael, California.

*Karen Rogan*

Karen Rogan

DECLARATION OF KAREN ROGAN RE: NOTICE PROCEDURES

# Exhibit A



3301 Kerner Boulevard      415.798.5900    PHONE
San Rafael, CA  94901       415.892.7354    FAX
                            kccllc.com

May 27, 2016

VIA PRIORITY MAIL

«First» «Last»
«Company»
«Address_1»
«Address_2»
«City», «State»  «Zip»

   Re: Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715

Dear «First» «Last»:

  KCC CLASS ACTION SERVICES LLC is the independent third-party administrator in a putative class action lawsuit entitled *Eric Mendez, individually and on behalf of all others similarly situated, v. Price Self Storage Management Inc., and John Does 1-10*, Case No. 3:15-cv-02077-AJB-JLB.  Troutman Sander LLP represents Price Self Storage Holdings, LLC ("Price") in this matter.  The lawsuit is pending before the Honorable Anthony J. Battaglia in the United States District Court for the Southern District of California. This letter is to advise you that Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement in connection with this class action lawsuit and the Court issued its Order granting preliminary approval on May 13, 2016.

|  |  |
|---|---|
| **Case Name:** | *Eric Mendez v. Price Self Storage Management Inc., et al.* |
| **Case Number:** | 3:15-cv-02077-AJB-JLB |
| **Jurisdiction:** | United States District Court, Southern District of California |
| **Date Settlement Approved by Court:** | May 13, 2016 |

  Price denies any wrongdoing or liability whatsoever, but has decided to settle this action solely in order to eliminate the burden, expense, and uncertainties of further litigation.  In compliance with 28 U.S.C. § 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:



«First» «Last»
May 27, 2016
Page 2

1.  **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:**  Copies of the *Class Action Complaint* and *First Amended Class Action Complaint* are included on the enclosed CD Rom.

2.  **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:**  Pursuant to the Court's *Order Granting Preliminary Approval to Class Action Settlement and Approving Notice Plan*, the Court has scheduled a final fairness hearing for August 22, 2016 at 3:00 p.m. in Courtroom 3B on the 3rd Floor of the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego California 92101.   Copies of the *Order Granting Preliminary Approval to Class Action Settlement and Approving Notice Plan, Notice of Motion and Motion for Preliminary Approval of Class Action Settlement Agreement, Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement,* and *Declaration of Attorney Steven Woodrow in Support of Preliminary Approval of Class Action Settlement Agreement* are included on the enclosed CD Rom.

3.  **28 U.S.C. § 1715(b)(3) – Notification to Class Members:**  Copies of the *Class Notice* and *Claim Form* to be provided to the class is included on the enclosed CD Rom.

4.  **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:**  A copy of the *Stipulation of Settlement ("Settlement Agreement")* is included on the enclosed CD Rom.

5.  **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:**  As of May 27, 2016, no other settlement or agreement has been entered into by the parties to this Action.

6.  **28 U.S.C. § 1715(b)(6) – Final Judgment:**  No Final Judgment has been reached as of May 27, 2016, nor have any Notices of Dismissal been granted at this time.

7.  **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimate of Class Members:**  While Price is in the process of gathering information on this issue, pursuant to 28 U.S.C. § 1715(b)(7)(A), at this time a complete list of names of class members as well as each State of residence is not available, because the parties do not presently know the names or current addresses of all the proposed settlement class members and will not learn this information until the Settlement is preliminarily approved and the Court authorizes dissemination of information about the Settlement through the Class Notice.   KCC is actively conducting reverse phone number searches in an attempt to identify class members.   Pursuant to 28 U.S.C. § 1715(b)(7)(B), it is estimated that there are approximately 315 individuals in the class.

8.  **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:**  As the proposed Settlement is still pending final approval by the Court, there are no other opinions available at this time.   As of May 27, 2016, there has been no written judicial opinion related to the settlement.



«First» «Last»
May 27, 2016
Page 3


       If for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact Troutman Sanders LLP at either (804) 697-1200 or virginia.flynn@troutmansanders.com immediately so that Price can address any concerns or questions you may have.

       Thank you.

                    Sincerely,


                    */s/*
                    Patrick M. Passarella
                    Senior Vice President

Enclosure – CD Rom

| Last | First | Company | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Richards | Craig W. | Office of the Alaska Attorney General | P.O. Box 110300 | | Juneau | AK | 99811-0300 |
| Strange | Luther | Office of the Alabama Attorney General | 501 Washington Avenue | PO Box 300152 | Montgomery | AL | 36130-0152 |
| Rutledge | Leslie | Arkansas Attorney General Office | 323 Center Street, Suite 200 | | Little Rock | AR | 72201-2610 |
| Brnovich | Mark | Office of the Arizona Attorney General | 1275 W. Washington Street | | Phoenix | AZ | 85007 |
| | CAFA Coordinator | Office of the Attorney General | Consumer Law Section | 455 Golden Gate Ave., Suite 11000 | San Francisco | CA | 94102 |
| Coffman | Cynthia | Office of the Colorado Attorney General | Ralph L. Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | Denver | CO | 80203 |
| Jepsen | George | State of Connecticut Attorney General's Office | 55 Elm Street | | Hartford | CT | 6106 |
| Racine | Karl A. | District of Columbia Attorney General | 441 4th Street, NW, Suite 1100S | | Washington | DC | 20001 |
| Lynch | Loretta E. | Attorney General of the United States | United States Department of Justice | 950 Pennsylvania Avenue, NW | Washington | DC | 20530-0001 |
| Denn | Matt | Delaware Attorney General | Carvel State Office Building | 820 N. French Street | Wilmington | DE | 19801 |
| Bondi | Pam | Office of the Attorney General of Florida | The Capitol, PL-01 | | Tallahassee | FL | 32399-1050 |
| Olens | Sam | Office of the Georgia Attorney General | 40 Capitol Square, SW | | Atlanta | GA | 30334-1300 |
| Chin | Douglas S. | Office of the Hawaii Attorney General | 425 Queen Street | | Honolulu | HI | 96813 |
| Miller | Tom | Iowa Attorney General | Hoover State Office Building | 1305 E. Walnut Street | Des Moines | IA | 50319 |
| Wasden | Lawrence | State of Idaho Attorney General's Office | Statehouse | 700 W Jefferson St | Boise | ID | 83720-0010 |
| Madigan | Lisa | Illinois Attorney General | James R. Thompson Center | 100 W. Randolph Street | Chicago | IL | 60601 |
| Zoeller | Greg | Indiana Attorney General's Office | Indiana Government Center South | 302 West Washington Street, 5th Floor | Indianapolis | IN | 46204 |
| Schmidt | Derek | Kansas Attorney General | 120 S.W. 10th Ave., 2nd Floor | | Topeka | KS | 66612-1597 |
| Conway | Jack | Office of the Kentucky Attorney General | 700 Capitol Ave | Capitol Building, Suite 118 | Frankfort | KY | 40601 |
| Caldwell | James D. | Office of the Louisiana Attorney General | P.O. Box 94095 | | Baton Rouge | LA | 70804-4095 |
| Healey | Maura | Office of the Attorney General of Massachusetts | 1 Ashburton Place | | Boston | MA | 02108-1518 |
| Frosh | Brian | Office of the Maryland Attorney General | 200 St. Paul Place | | Baltimore | MD | 21202-2202 |
| Mills | Janet | Office of the Maine Attorney General | State House Station 6 | | Augusta | ME | 04333 |
| Schuette | Bill | Office of the Michigan Attorney General | P.O. Box 30212 | 525 W. Ottawa Street | Lansing | MI | 48909-0212 |
| Lori Swanson | Attorney General | Attention: CAFA Coordinator | 1400 Bremer Tower | 445 Minnesota Street | St. Paul | MN | 55101-2131 |
| Koster | Chris | Missouri Attorney General's Office | Supreme Court Building | 207 W. High Street | Jefferson City | MO | 65101 |
| Hood | Jim | Mississippi Attorney General's Office | Department of Justice | P.O. Box 220 | Jackson | MS | 39205 |
| Fox | Tim | Office of the Montana Attorney General | Justice Bldg. | 215 N. Sanders Street | Helena | MT | 59620-1401 |
| Cooper | Roy | Office of the North Carolina Attorney General | Department of Justice | P.O. Box 629 | Raleigh | NC | 27602-0629 |
| Stenehjem | Wayne | North Dakota Office of the Attorney General | State Capitol | 600 E. Boulevard Avenue | Bismarck | ND | 58505-0040 |
| Peterson | Doug | Office of the Nebraska Attorney General | State Capitol | P.O. Box 98920 | Lincoln | NE | 68509-8920 |
| Foster | Joseph A. | New Hampshire Attorney General | State House Annex | 33 Capitol Street | Concord | NH | 03301-6397 |
| Hoffman | John Jay | Office of the New Jersey Attorney General | Richard J. Hughes Justice Complex | 25 Market Street, P.O. Box 080 | Trenton | NJ | 08625 |
| Balderas | Hector | Office of the New Mexico Attorney General | P.O. Drawer 1508 | | Santa Fe | NM | 87504-1508 |
| Laxalt | Adam Paul | Nevada Attorney General | Old Supreme Ct. Bldg. | 100 North Carson Street | Carson City | NV | 89701 |
| Schneiderman | Eric | Office of the New York Attorney General | Department of Law | The Capitol, 2nd Floor | Albany | NY | 12224 |
| DeWine | Mike | Ohio Attorney General | State Office Tower | 30 E. Broad Street | Columbus | OH | 43266-0410 |
| Pruitt | Scott | Oklahoma Office of the Attorney General | 313 NE 21st Street | | Oklahoma City | OK | 73105 |
| Rosenblum | Ellen F. | Office of the Oregon Attorney General | Justice Building | 1162 Court Street, NE | Salem | OR | 97301 |
| Kane | Kathleen | Pennsylvania Office of the Attorney General | 1600 Strawberry Square | | Harrisburg | PA | 17120 |
| Kilmartin | Peter | Rhode Island Office of the Attorney General | 150 South Main Street | | Providence | RI | 02903 |
| Wilson | Alan | South Carolina Attorney General | Rembert C. Dennis Office Bldg. | P.O. Box 11549 | Columbia | SC | 29211-1549 |
| Jackley | Marty J. | South Dakota Office of the Attorney General | 1302 East Highway 14, Suite 1 | | Pierre | SD | 57501-8501 |
| Slatery, III | Herbert H. | Tennessee Attorney General and Reporter | 425 5th Avenue North | | Nashville | TN | 37243 |
| Paxton | Ken | Attorney General of Texas | Capitol Station | P.O. Box 12548 | Austin | TX | 78711-2548 |
| Reyes | Sean | Utah Office of the Attorney General | State Capitol, Room 236 | 350 N State St | Salt Lake City | UT | 84114-0810 |
| Herring | Mark | Office of the Virginia Attorney General | 900 East Main Street | | Richmond | VA | 23219 |
| Sorrell | William H. | Office of the Attorney General of Vermont | 109 State Street | | Montpelier | VT | 05609-1001 |
| Ferguson | Bob | Washington State Office of the Attorney General | 1125 Washington St SE | P.O. Box 40100 | Olympia | WA | 98504-0100 |
| Schimel | Brad | Office of the Wisconsin Attorney General | Dept of Justice, State Capitol, RM 114 | East P.O. Box 7857 | Madison | WI | 53707-7857 |
| Morrisey | Patrick | West Virginia Attorney General | State Capitol | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Michael | Peter K. | Office of the Wyoming Attorney General | State Capitol Bldg. | 200 W 24th St | Cheyenne | WY | 82002 |
| Ale | Talauega Eleasalo V. | American Samoa Attorney General | Exec. Ofc. Bldg, Utulei | Territory of American Samoa | Pago Pago | AS | 96799 |
| Barrett-Anderson | Elizabeth | Attorney General of Guam | 590 S. Marine Corps Drive | ITC Bldg, Suite 706 | Tamuning | Guam | 96913 |
| Manibusan | Edward | Northern Mariana Islands Attorney General | Administration Building | PO Box 10007 | Saipan | MP | 96950-8907 |
| Miranda-Rodriguez | Cesar R. | Puerto Rico Attorney General | P.O. Box 902192 | San Juan | San Juan | PR | 00902-0192 |
| Walker | Claude E. | Department of Justice | Virgin Islands Attorney General | 34-38 Kronprindsens Gade, GERS Bldg, 2nd Floor | St. Thomas | VI | 00802 |
| Flynn | Virginia B. | Troutman Sanders LLP | 1001 Haxall Point | | Richmond | VA | 23218 |
| Fuller | Chad R. | Troutman Sanders LLP | 11682 El Camino Real | Suite 400 | San Diego | CA | 92130 |
| Passarella | Patrick M. | KCC Class Action Services, LLC | 3301 Kerner Blvd | | San Rafael | CA | 94901 |
| Carameros | Jonathan D. | KCC Class Action Services, LLC | 3301 Kerner Blvd | | San Rafael | CA | 94901 |

# Exhibit B

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## If You Received a Text Message or Call on Your Cellular Telephone from Price Self Storage Management, Inc., ("PSS") You Could Get a Payment from a Class Action Settlement.

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a putative class action lawsuit about whether PSS sent text messages or placed calls to cellphone users after the users had said stop or replied "STOP" (other than a text message confirming the STOP request). PSS is referred to as the "Defendant."

- Those included in the Settlement will be eligible to receive either a payment of up to $750 or a certificate for $1,100 in storage services (the actual amount, if any, of the payments will be based on the number of valid Claim Forms submitted, administrative costs, and any incentive award or attorneys' fees and expenses approved by the Court).

- Please read this Notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment of up to $750 or a certificate for up to $1,100 in storage services (certificates must first be used to satisfy any outstanding balance). |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Anthony J. Battaglia of the U.S. District Court for the Southern District of California is overseeing this case. The case is known as *Mendez v. Price Self Storage Management, Inc.* ("PSS") 3:15-cv-02077-AJB-JLB. Mr. Mendez, the person who sued, is called the Plaintiff/Class Representative. The Defendant is PSS.

### 2. What is a Class Action?

In a class action, one or more named plaintiffs called Class Representatives (in this case, Eric Mendez) sues on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 3. What is this Lawsuit about?

This lawsuit alleges that PSS sent text messages to cellphones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. The Class Representative claims that PSS sent text messages to cellphone users who had responded "STOP" to prior messages, and that the subsequent messages went beyond merely confirming the STOP request. PSS denies that it violated any law and asserts several defenses.

The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

CALL 1-866-542-0370 FOR THE SETTLEMENT ADMINISTRATOR OR (720) 213-0675 FOR CLASS COUNSEL
OR GO TO WWW.PRICESTORETCPACLAIM.COM

PRZNOT1

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation now rather than, if at all, years from now.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

You are in the Settlement Class if:

  (a)   you received at least one text message or call on your cellular telephone from PSS,

  (b)   you responded to the text message with the response STOP or revoked consent orally, and

  (c)   you received at least one additional text message from PSS apart from any message confirming the STOP request.

For the full definition of the Settlement Class, please see the Settlement Agreement, which is available by contacting the Settlement Administrator or Class Counsel.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

PSS has agreed to pay a collective Settlement Fund of up to $450,000 U.S. dollars. The cost to send notice to the class and administer the Settlement as well as attorneys' fees and payments to the Class Representatives will come out of this amount (*see* Question 13). The amount remaining after deducting these costs will be used to pay the claims of eligible Class Members who submit valid claims up to the full amount of either $750 in cash or a certificate of up to $1,100 for storage services (which must first be used to satisfy any pending balance with PSS), and reduced *pro rata* if there are insufficient funds, based on the costs above and the number of claims, to make full payment. Class Members may make an election, by filling in the appropriate circle on the Claim Form, between the $750 cash payment or the $1,100 certificate for storage services from PSS. The certificate must be used to satisfy any balance the certificate holder owes to PSS. Certificates may be transferred one (1) time within the first sixty (60) days of issuance, and must be redeemed within ninety (90) days of issuance.

***Protection from Future Unauthorized Messages:*** PSS has agreed to use commercially reasonable efforts to honor "STOP" requests when they are received.

Class Counsel has confirmed that such amounts are the maximum limit of such relief given Defendant's size and financial condition.

### 7. How much will my payment be?

If you are member of the Class and the Court gives final approval to the Settlement, you may be entitled to receive a check for up to $750 or a certificate for up to $1,100 in storage services. (The certificate must be used to satisfy any balance the certificate holder owes to PSS.) The amount of your exact payment cannot be calculated at this time. Your payment will depend on the total number of valid claims that are filed. The Class is estimated to include approximately 315 cellphone users. Though unlikely, your payment may be reduced if the amount required to pay in full all valid claims made by Settlement Class Members exceeds the amount available (after paying notice costs, the incentive award, and any approved attorneys' fees and expenses from the Settlement Fund), then each Class Member who filed a valid claim shall receive a reduced share of that Settlement Fund.

You may only make one claim per cellphone number, regardless of how many calls were received.

### 8. When will I get my payment?

You should receive a check or certificate, depending on your election, from the Settlement Administrator within 60-90 days after the Settlement has been finally approved and/or after any appeals have been resolved in favor of the Settlement. The hearing to consider the final fairness of the Settlement is scheduled for August 22, 2016. All checks will expire and become void 90 days after they are issued. The certificates must be used to satisfy any balance the certificate holder owes to PSS. Certificates may be transferred one (1) time within the first sixty (60) days of issuance, and must be redeemed within ninety (90) days of issuance.

## HOW TO GET BENEFITS

### 9. How do I get benefits?

If you are a Class Member and you want to participate in the Settlement, you must complete and submit a Claim Form, under penalty of perjury, by **September 21, 2016**. The Claim Form is included with this Notice and can be found by calling, toll free, 1-866-542-0370 or by contacting Class Counsel at (720) 213-0675. The Claim Form can be submitted online at the website, www.PriceStoreTCPAClaim.com, or by mail. There is only one claim per cellphone number.

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue PSS for the claims being resolved by this Settlement. The specific claims you are giving up against PSS are described in Section 1.30 of the Settlement Agreement. You will be "releasing" the Defendant and all related people as described in Section 1.3 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available at www.PriceStoreTCPAClaim.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to Class Counsel listed in Questions 12 and 17 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Steven Woodrow and Patrick Peluso of Woodrow & Peluso, LLC, and Stefan Coleman of the Law Office of Stefan Coleman, to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. You may also enter an appearance though an attorney if you so desire.

### 13. How will the lawyers be paid?

Subject to Court approval, Defendants have agreed to pay Class Counsel up to $100,000 representing 22.22% of the Settlement Fund for attorneys' fees and expenses for investigating the facts, litigating the case, and negotiating the Settlement in this matter. The Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendants have agreed to pay $3,000 to the Class Representative from the Settlement Fund as an incentive award for his services in helping to litigate and settle this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter (or request for exclusion) by mail stating that <u>you want to be excluded</u> from *Mendez v. Price Self Storage Management, Inc.* 3:15-cv-02077-AJB-JLB. Your letter or request for exclusion must also include your name, your address, the phone number that received the relevant cellphone calls, and your signature. You must mail your exclusion request so that it is postmarked no later than July 14, 2016 to:

*Mendez v. Price Self Storage Management, Inc.* Settlement Administrator
3:15-cv-02077-AJB-JLB
P.O. Box 40007
College Station, TX  77842-4007
1-866-542-0370

The Court will exclude from the Class any Class Member who timely requests exclusion.

### 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue PSS for the claims being resolved by this Settlement.

### 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

## OBJECTING TO THE SETTLEMENT

### 17. How do I object to the Settlement?

If you're a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter stating that you object to the Settlement in *Mendez v. Price Self Storage Management, Inc.* 3:15-cv-02077-AJB-JLB, and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, your cellular telephone number that received the unauthorized telephone call(s), and your signature.

Class Counsel will file with the Court and post on its website, www.woodrowpeluso.com, its request for attorneys' fees two weeks prior to the objection deadline.

If you want to appear and speak at the Fairness Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. Mail the objection to these four different places postmarked no later than **July 14, 2016**:

| Court | Class Counsel | Defense Counsel | Settlement Administrator |
|---|---|---|---|
| The Honorable Anthony J. Battaglia c/o Clerk of the Court US Courthouse 333 West Broadway Suite 420 San Diego, CA 92101 | Steven Woodrow, Esq. Class Counsel Woodrow & Peluso, LLC 3900 East Mexico Ave. Ste. 300 Denver, CO 80210 (720) 213-0675 | Chad R. Fuller and Virginia Flynn TROUTMAN SANDERS LLP 11682 El Camino Real Suite 400 San Diego, CA 92130-2092 | *Mendez v. Price Self Storage Management, Inc.* Settlement Administrator P.O. Box 40007 College Station, TX 77842-4007 |

### 18. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing at 3:00 p.m. on **August 22, 2016** in Courtroom 3B (3rd Floor - Schwartz), at the United States Courthouse located at 221 West Broadway, Suite 3142, San Diego, CA 92101. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Parties' agreement that Class Counsel should be paid 22.22% of the Settlement Funds for attorneys' fees and expenses; and to consider the request for an incentive award to Class Representative in the amount of $3,000. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check with Class Counsel by calling (720) 213-0675. If, however, you timely object to the Settlement and advise the Court that you intend to appear and speak at the Fairness Hearing, you will receive notice of any change in the date of such Fairness Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Mendez v. Price Self Storage Management, Inc.* 3:15-cv-02077-AJB-JLB." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your Notice of Intent to Appear must be postmarked no later than **July 14, 2016**, and be sent to the addresses listed in Question 17. You must also state in your objection that you plan on appearing at the hearing.

## GETTING MORE INFORMATION

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the full Settlement Agreement. You can get a copy of the Settlement Agreement by writing the Settlement Administrator at *Mendez v. Price Self Storage Management, Inc.* Settlement Administrator, P.O. Box 40007, College Station, TX 77842-4007. You can call the Settlement Administrator at 1-866-542-0370 or Class Counsel at (720) 213-0675, if you have any questions. Before doing so, however, please read this full Notice carefully. More information on the Settlement is also available at www.PriceStoreTCPAClaim.com.

*Mendez v. Price Self Storage Management, Inc.*
**Settlement Administrator**
P.O. Box 40007
College Station, TX 77842-4007

# PRZ

### Price Self Storage Management, Inc.
### TCPA Settlement CLAIM FORM

**Must Be Postmarked
No Later Than
September 21, 2016**

«ScanString»
Postal Service: Please do not mark barcode
Claim#: PRZ -«AccountID»-«NoticeID»
«FirstName» «LastName»
«Attention»
«Address2»
«Address1»
«City», «StateCd» «Zip» «CountryCd»

---

**CHANGE OF ADDRESS ONLY**

Primary Address

Primary Address Continued

City                                                   State        Zip Code

Foreign Province            Foreign Postal Code            Foreign Country Name/Abbreviation

---

Return this Claim Form to:

***Mendez v. Price Self Storage Management, Inc.*** **Settlement Administrator,** P.O. Box 40007, College Station, TX 77842-4007.
Questions, visit www.woodrowpeluso.com or call (720) 213-0675, or call the Settlement Administrator at 1-866-542-0370

You may also file your claim online at www.PriceStoreTCPAClaim.com.

**If you file online, please use your claim number «ClaimID» when filing your claim.**

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.PRICESTORETCPACLAIM.COM
OR POSTMARKED BY SEPTEMBER 21, 2016, BE FULLY COMPLETED, BE SIGNED UNDER OATH,
AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**Instructions:** If you received one or more text messages or calls on your cellphone from Price Self Storage Management, Inc. ("PSS" or "Defendant") after you responded "STOP," to a previous text message or call, you may be entitled to a monetary settlement payment of up to $750 or a certificate for storage services of up to $1,100 (which must first be used to satisfy past balances), or a lesser *pro rata* share (the actual amount of payments will be based on the number of valid claim forms submitted), if the Settlement is finally approved by the Court. If the Settlement is approved, each Class Member, whether or not he or she submits a claim, will release the Defendant and related entities, and all their officers, agents, employees, and those working with them, from any and all claims as a result of the making of the phone calls that are the subject of this litigation. Only the primary user or owner of the wireless account upon which the calls at issue were received can submit this Claim Form. Only one claim per wireless account holder is allowed, regardless of how many calls were received or how many cell phone numbers are included on the wireless account. **YOU MUST SUBMIT THIS CLAIM FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that: (a) you received at least one text message on your cellular telephone from PSS or received a call, (b) you responded to the text message with the response STOP or verbally stated STOP, and (c) you received at least one additional text message or call from PSS apart from any message confirming your STOP request.

Call the Settlement Administrator at 1-866-542-0370 or Class Counsel at (720) 213-0675 for Complete Information

**YOUR CONTACT INFORMATION**

Email Address

---

1

FOR CLAIMS
PROCESSING
ONLY          OB          CB          ○ DOC      ○ RED
                                       ○ LC       ○ A
                                       ○ REV      ○ B

Cell Phone Number at the Time you Received a/the Call(s)/Text(s):

[ ][ ][ ][ ] — [ ][ ][ ][ ] — [ ][ ][ ][ ]

Current Phone Number (Please provide a phone number where you can be reached if further information is required.)

[ ][ ][ ][ ] — [ ][ ][ ][ ] — [ ][ ][ ][ ]   **or**   [ ]  check if same as above.

 (Please provide a phone number where you can be reached if further information is required.)

**Election of Benefit**

Fill in the <u>one</u> circle that applies (you may NOT elect both benefits):

◯  I would like to receive a check for up to $750. Note: If you fill in this circle, please complete the Substitute IRS Form W-9 below. If you do not, the law requires us to backup withhold on any payments to you over $600. The backup withholding rate is 28% on taxable non-wage income.  If your name has changed, we require that you provide us with proof of your name change. Please also complete the Class Member Verification section after the Substitute W-9 Form.

◯  I would like to receive a certificate for up to $1,100 in storage services at PSS (certificate value must first be used towards any outstanding balance). You do NOT need to complete the Substitute IRS Form W-9 below if you choose the certificate. Please continue on and complete the Class Member Verification Section that appears after the Substitute W-9 Form.

---

**Substitute W-9 Form**
**Taxpayer Identification Number Certification**

Enter your Social Security Number: ___ ___ ___ — ___ ___ — ___ ___ ___ ___

Print name and address as shown on your income tax return:

First Name: _____   Last Name: _____

Address: _____

City: _____   State: _____   Zip: _____

Under penalties of perjury, I certify that:

1. The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3. I am a U.S. person (including a U.S. resident alien). Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

---

**Class Member Verification**

By submitting this claim form and filling in the circle below, I declare under penalty of perjury that I am a member of the Class and that the following statement is true:

◯  I received at least one text message or call on my cellular telephone from PSS, responded to the text message with the response STOP or said STOP verbally, and I received at least one additional text message or call from PSS apart from any message confirming my STOP request.

Additional information regarding the Settlement can be found at **www.PriceStoreTCPAClaim.com**.

The Settlement Administrator may audit any and all claims. **I declare under penalty of perjury that the foregoing is true and correct.**

Signature: _____   Dated (mm/dd/yyyy): _____

Print Name: _____

Your claim will be reviewed by the Settlement Administrator. If accepted you will be mailed a check for $750 or a certificate for $1,100 (or a lesser *pro rata* share). Please be patient.

**CLAIM FORMS MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN SEPTEMBER 21, 2016 TO BE ELIGIBLE FOR PAYMENT. MAIL THIS CLAIM FORM TO:**

*Mendez v. Price Self Storage Management, Inc.* Settlement Administrator
P.O. Box 40007, College Station, TX 77842-4007

**If you have questions, you may call the Settlement Administrator at 1-866-542-0370 or Class Counsel at (720) 213-0675.**

