UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MENDEZ, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRICE SELF STORAGE MANAGEMENT, INC.,<br><br>Defendant. | Case No. 3:15cv02077 AJB (JLB)<br><br>ORDER:<br><br>(1) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR FEES, COSTS AND INCENTIVE AWARD; AND<br><br>(2) ENTERING FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE<br><br>(Doc. Nos. 38, 39) |

Pending before the Court are Plaintiff's Motion for Final Approval of Class Action Settlement, (Doc. No. 39,) and Plaintiff's Motion for Award of Attorneys' Fees, Expenses and Incentive Award (Doc. No. 38) (collectively, the "Motions"). The Court, having reviewed the papers filed in support of the Motions, having heard argument of counsel, and finding good cause appearing therein, hereby GRANTS Plaintiff's Motions and it is hereby ORDERED, ADJUDGED, and DECREED THAT:

    1.    Terms and phrases in this Order will have the same meaning as ascribed to them in the Parties' January 15, 2016, Class Action Settlement

Agreement (the "Settlement Agreement")[1].

2. This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

3. On May 13, 2016, this Court granted Preliminary Approval of the Settlement Agreement and preliminary certified a settlement class consisting of:

> All Persons in the United States or its territories who at any point from the beginning of time up through the date of this agreement: (a) received at least one text message on his or her cellular telephone from PSS; (b) responded to the text message with the response STOP; and (c) received at least one additional text message from PSS.

4. Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice to the Settlement Class. Valid and timely requests for exclusion were received from the persons listed on Appendix 1 attached hereto and incorporated into this Final Judgment. Those persons listed on Appendix 1 are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order, and are not bound by this Final Judgment or the Release herein.  Further, Class Members do not waive their right to contact, in any way or for any purpose, any state or federal agency regarding the activities of any party, nor do they waive any right to enjoy any benefits obtained by a state or federal agency

5. The Court finds that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement, the Preliminary Approval Order of May 13, 2016 consisting of individual notice via first-class U.S. Mail postcard and the Settlement Website, supplemented by telephone calls to the Class by Class Counsel,

---

[1] While the Settlement Agreement allows for uncashed funds to revert back to Defendant, after further review, any uncashed funds will escheat to the State of California in accordance with state law.

1 has been successfully implemented and was the best notice practicable under the
2 circumstances and: (1) constituted notice that was reasonably calculated, under the
3 circumstances, to apprise the Settlement Class Members of the pendency of the
4 Action, their right to object to or to exclude themselves from the Settlement
5 Agreement, and their right to appear at the Final Approval Hearing; (2) was
6 reasonable and constituted due, adequate, and sufficient notice to all persons
7 entitled to receive notice; and (3) met all applicable requirements of the Federal
8 Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

9      6. The Court finds that Defendants properly notified the appropriate state
10 and federal officials of the Settlement Agreement, pursuant to the Class Action
11 Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the
12 substance of Defendants' notice and accompanying materials, and finds that they
13 complied with all applicable requirements of CAFA.

14      7. This Court now affirms certification of the Settlement Class, gives
15 final approval to the Settlement, and finds that the Settlement Agreement is fair,
16 reasonable, adequate, and in the best interests of the Settlement Class. The
17 settlement consideration provided under the Settlement Agreement constitutes fair
18 value given in exchange for the release of the Released Claims against the Released
19 Parties. The Court finds that the consideration to be paid to members of the
20 Settlement Class is reasonable, considering the facts and circumstances of the
21 numerous types of claims and affirmative defenses asserted in the Action, and the
22 potential risks and likelihood of success of alternatively pursuing trial on the merits.

23      The complex legal and factual posture of this case, and the fact that the
24 Settlement Agreement is the result of arms' length negotiations between the Parties,
25 including negotiations presided over by the Honorable Matthew Railey (Ret.),
26 support this finding.

27      8. The Court finds that both the Class Representative and Class Counsel

28

adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement Agreement. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Order in full and will have the full force of an Order of this Court.

9. Subject to the terms and conditions of the Settlement Agreement, the Court hereby dismisses the Action on the merits and with prejudice.

10. Upon the Effective Date, Plaintiff and each and every Settlement Class Member who did not timely opt out of the Settlement Class—and to the extent a Settlement Class Member is not an individual, all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors, predecessors-in- interest, and all of the aforementioned's present, former, and future officers, directors, employees, shareholders, attorneys, agents, independent contractors; and, to the extent the Settlement Class Member is an individual, any present, former, and future spouses, as well as the present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in- interest, and assigns of each of them, will fully, finally, completely and forever, release, acquit and discharge Price Self Storage Management, Inc. and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Defendant has

a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities, from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, punitive, treble, exemplary or multiplied damages, expenses, costs, attorneys' fees, fines, penalties, awards, interest (including pre-judgment interest), and all other obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or any other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States (including both direct, vicarious, and derivative claims) against the Released Parties, or any of them, relating to, based on, and/or arising out of the facts, claims, causes of action, damages alleged or which could have been alleged in the Action, including any alleged violations of the TCP A or any similar federal, state, local, statutory or common law or any other similar law, rule or regulation.

11. Upon the Effective Date, the above release of claims and the Settlement Agreement will be binding on, and will have res judicata and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties. All Settlement Class Members who have not been properly excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released Claims.

12. The Court approves the agreed-upon Fee Award to Class Counsel. The

Court hereby awards to Class Counsel $100,000 in attorneys' fees and costs. In this Circuit, a 25% fee is the accepted "benchmark" in common fund cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). In assessing the Fee Award, the Court has considered the results achieved in this litigation, the risks of litigation, the skill required of Class Counsel and the quality of their work, the contingent nature of the fee and the financial burden carried by the Plaintiff, and awards made in similar cases. In light of these factors, the Court finds this Fee Award to be fair and reasonable, given that it represents, at 22%, which is less than 25% of the total settlement fund of $450,000 made available to the Class, exclusive of the value of the prospective relief contained in the Settlement Agreement.

13. The Court additionally finds this amount to be fair and reasonable based upon a lodestar cross check. Class Counsel's reported lodestar as of the filing of the Motion for Attorneys' Fees equaled $83,894 and that additional work has been done since that time. Class Counsel set forth the hours spent and experience of each attorney working on the case and his or her corresponding billable rate. The Court finds the rates charged to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates. The Court finds the hours expended to be reasonable when compared with the time and effort put forth by Class Counsel and supporting counsel in investigating, litigating, and resolving this case, as well as in light of the results achieved for the Settlement Class in terms of both monetary and injunctive relief. Accordingly, the lodestar of $83,894, when enhanced by a multiplier of 1.15, which the Court finds reasonable and proper in light of the benefits to the Class, lodestars applied in other similar matters, and the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), provides a reasonable lodestar cross-check in awarding Class Counsel's Fee Award of $100,000.00. Class Counsel's total Fee Award is inclusive of costs, which are likewise reasonable based on the

documentation and sworn declarations submitted.

14. Defendant will pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

15. The Court approves the agreed Incentive Award of $3,000.00, to Class Representative Eric Mendez as an Incentive Award for her role as Class Representative. The Court finds this Incentive Award to be reasonable in light of the Class Representative's willingness and efforts with respect to taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. Such payment will be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16. Except as otherwise set forth in this Order, the Parties will bear their own costs and attorneys' fees.

17. This Court hereby directs entry of this Final Judgment based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

18. Neither this Final Judgment and order of dismissal with prejudice, the Settlement Agreement, the settlement that it reflects, nor any act, statement, document, or proceeding relating to the Settlement:

(a) is, may be deemed, or will be used, offered, or received against Defendant as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

(b) is, may be deemed, or will be used, offered, or received against Plaintiff or the Settlement Class as an admission, concession, or evidence of the infirmity or strength of any claims raised in the Action, the truth or falsity of any

fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(c) is, may be deemed, or will be construed against Plaintiff and the Settlement Class or against Defendant as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial;

(d) is, may be deemed, or will be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Class or against Defendant that any of Plaintiff's claims are with or without merit and that damages recoverable in the Action would have exceeded or would have been less than any particular amount; or

(e) is, may be deemed, or will be used, offered, or received against Defendant as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Parties to the Agreement in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

19. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Judgment and do not limit the rights of Settlement Class Members.

///

///

///

1       20.    Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose.

**IT IS SO ORDERED**.

Dated: August 22, 2016

                                      Hon. Anthony J. Battaglia
                                      United States District Judge